DOWD v DOWD

Docket No. 47784. Submitted March 6, 1980, at Grand Rapids.— Decided April 24, 1980.

Leslie H. Dowd (hereinafter plaintiff) was granted a judgment of divorce from Barbara J. Dowd (hereinafter defendant) which provided in part that physical custody of the parties' four children would be shared, with defendant having physical custody during the school year and plaintiff having custody during the summer months. Subsequently, the Van Buren Circuit Court, Chester J. Byrns, J., entered an order pursuant to stipulation of the parties granting plaintiff physical custody of the children during the 1978-1979 school year. Plaintiff later petitioned the court for amendment of the divorce judgment, seeking custody of the children for the entire year. The Friend of the Court report indicated no change in the custody arrangement was warranted. However, the court altered the custody provision to provide for each party to have physical custody of the children for alternating three-month periods. Defendant appeals. *Held:*

1. The best interests of the child shall control in a custody dispute or modification of custody between parents.

2. The trial court must evaluate each of the factors in the Child Custody Act, make definite findings of fact and state its conclusions of law to determine the best interest of the child before deciding a custody or visitation rights dispute.

3. The general standard for appellate review of custody decisions provides that all orders and judgments of a circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

Reversed and remanded.

---

References for Points in Headnotes

[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 783, 820.
   42 Am Jur 2d, Infants § 33.
[3] 24 Am Jur 2d, Divorce and Separation §§ 779, 812.

1. PARENT AND CHILD — CHILD CUSTODY.

> The best interest of the child shall control in a custody dispute or modification of custody between parents (MCL 722.25; MSA 25.312[5]).

2. PARENT AND CHILD — CHILD CUSTODY — STATUTES — COURT RULES.

> The trial court must evaluate each of the factors listed in the Child Custody Act, make definite findings of fact and state its conclusions of law, to determine the best interest of the child before deciding a custody or visitation rights dispute (MCL 722.27; MSA 25.312[7], GCR 1963, 517.1).

3. PARENT AND CHILD — CUSTODY — APPELLATE REVIEW.

> The general standard for appellate review of custody decisions provides that all orders and judgments of a circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

*Frederick A. Sauer, Jr.,* for plaintiff.

*Richard C. Walsh,* for defendant.

Before: ALLEN, P.J., and M. F. CAVANAGH and C. W. SIMON,* JJ.

PER CURIAM. On July 18, 1978, plaintiff was granted a judgment of divorce from defendant. The judgment provided in part that custody of the parties' four children would be shared, with defendant having physical custody and control during the school year, and plaintiff having physical custody and control during the summer months. On October 10, 1978, the court entered an order pursuant to stipulation of the parties granting plaintiff physical custody and control during the 1978-1979 school year "for the best interests of the children * * * at a time when the Defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mother, Barbara J. Dowd, is attempting to establish some economic base and stability".

Plaintiff later petitioned for amendment of the judgment of divorce to grant him year-round physical custody of the children. Before the hearing on the petition, the Friend of the Court filed a report which concluded that no change in the custody arrangement was warranted. Nevertheless, following a hearing on August 24, 1979, the court altered the physical custody provisions of the divorce to grant each party physical custody of the children for alternating three-month periods. Defendant, whose period of custody was thus reduced from nine months to six months during the year, appeals as of right.

The general standard for appellate review of custody decisions is set forth in the Child Custody Act of 1970, MCL 722.28; MSA 25.312(8):

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

See also, *Radway v Radway,* 81 Mich App 328; 265 NW2d 202 (1978).

The act provides that in a custody dispute between parents the best interests of the child shall control, MCL 722.25; MSA 25.312(5), and indicates that modification of previous orders providing for custody should not occur unless the modification is in the best interests of the child. MCL 722.27; MSA 25.312(7). The act contains an extensive list of factors to be considered in determining the best interests of the child.

The trial court must evaluate each of the factors

to determine the best interests of the child before deciding a custody or visitation rights dispute. *Flaherty v Smith,* 87 Mich App 561; 274 NW2d 72 (1978), *Troxler v Troxler,* 87 Mich App 520; 274 NW2d 835 (1978), *Stevens v Stevens,* 86 Mich App 258; 273 NW2d 490 (1978). The present case, involving modification of the terms of a joint custody arrangement, is governed by this rule. Furthermore, the trial court was required by GCR 1963, 517.1, to make definite findings of fact and to state its conclusions of law; a duty which extends to the determination and explicit consideration of each of the "best interests" factors listed in the act. *Lewis v Lewis,* 73 Mich App 563; 252 NW2d 237 (1977).

It is clear from this record that the paramount concern of the learned trial judge was the children's well being. However, while stating that it was ruling in the best interest of the children and pointing out generally the environmental factors considered, the trial court failed to make the required analysis of the statutory factors. Each of these factors should have been specifically evaluated and a conclusion on each stated.

The transcript of the hearing below also leaves us with the impression that the trial court improperly considered the fact that the children had been living with the father for the previous nine months or more as a factor supporting the custody modification. The reason the children were with the father during that period was the voluntary arrangement by which the mother gave up custody for the 1978-1979 school year for economic reasons. In *Miller v Miller,* 23 Mich App 430; 178 NW2d 822 (1970), *lv den* 383 Mich 799 (1970), this Court held that a mother should be encouraged to give up her children temporarily if she finds herself unable to care for them alone, and that sound

policy is to provide such encouragement by returning custody to her once she is able to care for them.

The order of the lower court is reversed and a new hearing ordered in accordance with this opinion.

Reversed and remanded.