SPEERS v SPEERS

Docket No. 54278. Submitted May 12, 1981, at Lansing.—Decided August 6, 1981.

Karen K. Speers was awarded custody of her children pursuant to a judgment of divorce from James W. Speers entered in the State of Massachusetts. Karen Speers voluntarily and temporarily agreed to relinquish custody of the children to James Speers, who subsequently petitioned Washtenaw Circuit Court for a change of custody. Following a hearing, the court ordered a change of custody to James Speers, Edward D. Deake, J. Karen Speers appeals. *Held:*

The findings of fact and conclusions of law of the circuit court are insufficient for review. The record does not reveal whether or in what manner the court applied the required "clear and convincing evidence" standard. It appears from the record that the circuit court accepted the desirability of providing continuity in the custodial environment of the children by maintaining the status quo as being adequate to meet the clear and convincing evidence standard without considering the other factors enumerated in the Child Custody Act. Such ground, alone, does not warrant a change in a custody order.

Reversed and remanded.

1. PARENT AND CHILD — CHILD CUSTODY — STATUTES — COURT RULES.

A trial court, in deciding a custody dispute, must evaluate each of the factors listed in the Child Custody Act as comprising, in total, the best interests of the child and must make definite findings of fact and state conclusions of law in determining each of the factors (MCL 722.23; MSA 25.312[3], GCR 1963, 517.1).

2. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY — STATUTES.

A trial court may modify or amend its previous orders or judg-

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 791.
[2] 24 Am Jur 2d, Divorce and Separation § 820.
[3] 24 Am Jur 2d, Divorce and Separation §§ 824, 847.

ments in a child custody dispute so as to change the established custodial environment of a child where clear and convincing evidence is presented that the change is in the best interests of the child (MCL 722.27; MSA 25.312[7]).

3. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

The desirability of maintaining the status quo of the custodial environment of a child, of itself, does not necessarily constitute the clear and convincing evidence required to justify the modification or amendment of a previous custody award, and where a parent temporarily and voluntarily relinquishes custody of a child to protect the child's best interests, custody should be returned to that parent absent the presentation of clear and convincing evidence to warrant a change in the custody order (MCL 722.27; MSA 25.312[7]).

*Roesch, Schaberg & Baker,* for plaintiff.

*Garris, Garris & Garris, P.C.,* for defendant.

Before: R. M. MAHER, P.J., and ALLEN and CYNAR, JJ.

PER CURIAM. The parties were divorced on May 13, 1976, in the State of Massachusetts. Two children were born of their marriage, Philip and Nicole, whose ages at trial were 15 and 12, respectively. Pursuant to the judgment, custody was in the plaintiff-mother, who resided in Oregon at the time of the present proceedings. The defendant-father lived in Ann Arbor.

The parties' minor children began living with defendant in the summer of 1979, pursuant to the parties' agreement. It was also agreed by the parties that the children would resume living with the plaintiff in Oregon at Christmas. However, the parties subsequently agreed that it would be in the children's best interests not to change schools during the school year and that the children would continue to reside with defendant until the end of the school year.

In February, 1980, defendant petitioned the court for a change of custody. At the conclusion of the hearing in October, 1980, the court ordered that custody be changed to the defendant and granted liberal visitation rights to the plaintiff. Upon denial of her motion for reconsideration, the plaintiff brought this appeal as of right.

The trial court's findings of fact and conclusions of law are insufficient for this Court to review. This Court has stated on many occasions that the trial court must evaluate each of the factors contained in MCL 722.23; MSA 25.312(3) to determine the best interests of the child before deciding a custody dispute and that a conclusion on each factor must be stated. *Dowd v Dowd,* 97 Mich App 276; 293 NW2d 797 (1980), *Troxler v Troxler,* 87 Mich App 520; 274 NW2d 835 (1978), *Lewis v Lewis,* 73 Mich App 563; 252 NW2d 237 (1977). Furthermore, the trial court is required by GCR 1963, 517.1 to make definite findings of fact and to state its conclusions of law, a duty which extends to the determination and explicit consideration of each of the "best interests" factors listed in MCL 722.23; MSA 25.312(3). *Id.,* 566.

The trial court acknowledged its duty to apply the best interests factors in determining the children's best interests and did touch upon many of those factors in its findings of fact. However, MCL 722.23; MSA 25.312(3) and the cases cited above require findings and conclusions which are more explicit and complete than those on the record.

If the trial court's failure to be more explicit and complete on each factor were the only problem, a remand for supplementation of the record would be the appropriate remedy. Since the judge may have also misapplied the "clear and convincing evidence" standard and improperly considered a

fact in determining the children's best interests, a remand for a new hearing is necessary.

MCL 722.27; MSA 25.312(7) provides:

"SEC. 7. If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from another action in a circuit court or another or *[sic]* judgment of a circuit court, for the best interests of the child the court may:

\* \* \*

"(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age. The court shall not modify or amend its previous judgments or order or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered."

It is not clear from the trial record if and in what manner the "clear and convincing evidence" standard was applied. Where one party has legal custody and the moving party has temporary custody pursuant to an agreement of the parties, the moving party must prove that a change of custody is warranted by clear and convincing evidence. *Radway v Radway,* 81 Mich App 328; 265 NW2d 202 (1978).

The transcript from the hearing leaves us with the impression that the trial judge concluded that there was no good reason to move the children since they were satisfied to live with their father

and the parties were equal on the "best interests" factors.

It is clear from the record that the judge attached significant weight to the fact that the children were doing fine residing with the defendant and that it would be wrong to remove them from school. The children continued living with their father after Christmas pursuant to a voluntary arrangement so that they would not have to change schools during the school year. Once the school year ended, the children continued to reside with the defendant during the summer and into the next school year pursuant to an *ex parte* order pending resolution of the custody dispute.

While it is generally correct for the trial court to consider the desirability of maintaining continuity to protect the child's best interest, the instant case fits within an exception to such a policy. This Court has held that where a parent temporarily and voluntarily relinquishes custody to protect the best interest of the child, such practice should be encouraged by returning custody to that parent. *Dowd, supra.*

The trial court's decision appears to accept the continuity factor just mentioned as being adequate to constitute clear and convincing evidence of the propriety of a change in custody (the court having acknowledged neutral weight attaching to each of the other factors which it considered specifically). As a matter of logic and policy, we find this to be error. Taken by itself, and considering the circumstances of the instant case, the desirability of maintaining the status quo does not warrant a change in the custody order. Considering the precedent this decision would set, no parent who had official custody would be willing to agree to a temporary relinquishment of actual custody, even

where all parties agree that such would be in the best interest of the child. We therefore are compelled to reverse the trial court's decision and order a new hearing. We do not mean to preclude the continuity factor from the trial court's consideration on remand, but, under the circumstances, more is required in order to warrant a change in the custody order.

Reversed and remanded for proceedings in accordance with this opinion. The hearing on remand shall be held within 60 days of the issuance of this opinion. We retain jurisdiction.