## BLASKOWSKI v BLASKOWSKI

Docket No. 56167. Submitted June 12, 1981, at Grand Rapids.—Decided April 7, 1982.

Plaintiff, Paul E. Blaskowski, and defendant, Debra M. Blaskowski, were divorced by order of the Cheboygan Circuit Court, Robert C. Livo, J. The parties' property was divided according to agreement of the parties and permanent custody of the parties' minor child was awarded to plaintiff. Defendant appeals the grant of custody to plaintiff. *Held:*

1. The trial court failed to consider the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent when it made its decision to grant custody to plaintiff. This failure requires that the matter be remanded. A new hearing rather than mere explication of the trial court's previous decision is required on remand because the record indicates that the circumstances of the parties may have changed since entry of the original custody order.

2. Defendant's contention that the trial court erred by concluding that the child had no established custodial environment with defendant and in consequently declining to apply a clear and convincing evidence standard is rendered moot by the decision on appeal. At the new hearing on remand, the trial court shall decide whether an established custodial environment then exists.

Reversed and remanded.

1. PARENT AND CHILD — CHILD CUSTODY.

The standard under which child custody questions are decided is "the best interests of the child", as defined by statute (MCL 722.23; MSA 25.312[3]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 783.
[2] 24 Am Jur 2d, Divorce and Separation § 820.
  73 Am Jur 2d, Statutes § 149.
[3] 24 Am Jur 2d, Divorce and Separation §§ 779, 783.
[4] 24 Am Jur 2d, Divorce and Separation § 783.
[5] [No reference].

2. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CIRCUM-
    STANCES.

 A new child custody hearing rather than a remand for explica-
tion of the trial court's decision is appropriate where the record
indicates that the trial court failed to conform to the statute
and court rule and that parental circumstances may have
changed since entry of a child custody order by a trial court
(MCL 722.23; MSA 25.312[3], GCR 1963, 517.1).

3. PARENT AND CHILD — CHILD CUSTODY — ESTABLISHED CUSTODIAL
    ENVIRONMENT — QUESTION OF FACT.

 The existence of an established custodial environment in a child
custody matter is a question of fact for the trial court to resolve
based on the statutory factors; if the trial court determines that
an established custodial environment in fact exists, it makes no
difference whether that environment was created by a court
order, whether temporary or permanent, or without a court
order, or in violation of a court order, or by a court order which
was subsequently reversed (MCL 722.27[c]; MSA 25.312[7][c]).

4. PARENT AND CHILD — CHILD CUSTODY ACT — "ESTABLISHED CUSTO-
    DIAL ENVIRONMENT" — WORDS AND PHRASES.

 An "established custodial environment" under the Child Custody
Act depends on a custodial relationship of a significant dura-
tion in which the child is provided the parental care, discipline,
love, guidance, and attention appropriate to his age and indi-
vidual needs, and a relationship between the custodian and
child which is marked by qualities of security, stability, and
permanence (MCL 722.27[c]; MSA 25.312[7][c]).

5. ACTIONS — CIVIL ACTIONS — CHILD CUSTODY.

 Contested child custody cases take precedence over all other civil
cases (MCL 722.26; MSA 25.312[6], GCR 1963, 501.5).

*Jeffery T. Lyon,* for plaintiff.

Legal Services of Northern Michigan (by *Linda
J. Throne),* and Upper Peninsula Legal Services,
Inc. (by *Bruce Cranham),* for defendant.

Before: D. F. WALSH, P.J., and MACKENZIE and
J. R. ERNST,* JJ.

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

MacKenzie, J. The parties herein, Debra and Paul Blaskowski, were married in Wayne County, Michigan, on June 25, 1977, and the one minor child of the marriage, Todd Paul Blaskowski, was born on December 28, 1977. After the parties began having marital problems, defendant, on August 22, 1979, without telling plaintiff, left the marital home in Cheboygan to live with her mother in Redford, Michigan, taking Todd with her. Two days later, following a scuffle, plaintiff succeeded in taking Todd back to Cheboygan with him where he filed the complaint for divorce on August 27, 1979.

Following a hearing on September 18, 1979, Cheboygan Circuit Judge Richard D. Boyce awarded temporary custody of Todd to defendant, primarily because defendant had been the person taking care of the child's daily needs prior to the separation of the parties. Plaintiff was given reasonable visitation privileges, which the parties agreed would be one week per month. After a two-day trial concluding on January 28, 1981, Cheboygan Circuit Judge Robert C. Livo ordered that the parties be granted a divorce, the property be divided according to agreement of the parties, and permanent custody of Todd be awarded to plaintiff. From the grant of custody to plaintiff, defendant Debra Blaskowski appeals as of right.

Initially, we note that review of the trial court's custody determination is limited by MCL 722.28; MSA 25.312(8), which provides:

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

The standard under which custody questions are decided is "the best interests of the child". MCL 722.27(a); MSA 25.312(7)(a). "Best interests of the child" is defined in MCL 722.23; MSA 25.312(3) as the product of a number of factors. An eleventh factor was added by 1980 PA 434, effective January 14, 1981:

"(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent."

Although the trial court rendered its decision on custody after the effective date of 1980 PA 434, it failed to consider the new factor in making its decision. The parties agree that this failure requires a remand. As the record here indicates that the circumstances of the parties may have changed since entry of the original custody order, a new hearing rather than mere explication of the trial court's previous decision is required on remand. *Roudabush v Roudabush,* 62 Mich App 391, 395; 233 NW2d 596 (1975), *Lewis v Lewis,* 73 Mich App 563, 567; 252 NW2d 237 (1977).

Defendant also argues that the trial court erred by concluding that the child had no established custodial environment and in consequently declining to apply a "clear and convincing evidence" standard. MCL 722.27; MSA 25.312(7) provides, in part:

"If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from another action in a circuit court or another or judgment of a circuit court, for the best interests of the child the court may:

"(c) Modify or amend its previous judgments or orders

for proper cause shown or because of change of circumstances until the child reaches 18 years of age. The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered."

Here, the trial court held that the "clear and convincing evidence" standard could not be applied where the custodial environment was created by a temporary custody order:

"The requirement of clear and convincing evidence, although the statute does seem to apply it to any order of the court, I think it would be an anomaly to apply it to a hearing that was necessitated by a physical separation of the parties before there was an adequate chance for the court and the friend of the court and the parties to prepare all their investigative resources for a full and complete hearing on the merits."

In *Berman v Berman,* 84 Mich App 740, 747-748; 270 NW2d 680 (1978), the Court addressed this issue as follows:

"[An established custodial] environment arises where 'over an appreciable time the child naturally looks to the custodian in such environment for guidance, discipline, the necessities of life and parental comfort'. MCL 722.27(c); MSA 25.312(7)(c). Those indicia may develop whether custody for an extended period of time is pursuant to a 'permanent' or so-called 'temporary' custody order. Merely denominating a custody order as

'temporary' will not foreclose the creation of an established custodial environment or ameliorate the adverse consequences of disrupting that environment by a change in custody on less than clear and convincing evidence that the change is in the best interests of the child.

"From our *de novo* review of the record, we conclude that substantial evidence was presented to support a finding that the custodial environment was established with plaintiff. The custody order was permanent, not temporary, and the proper evidentiary standard which should have been applied is that of clear and convincing evidence." (Footnote omitted.)

In our view, the *Berman* decision was a step in the right direction but did not go far enough. The *Berman* Court recognized that the denomination of the order by the trial court was not dispositive, but still regarded the establishment of a custodial environment as turning on whether the trial court's order was actually a permanent custody order. It appears to us that the trial court's order is irrelevant to the establishment of a custodial environment. Whether or not an established custodial environment exists is a question of fact for the trial court to resolve based on the statutory factors. If the trial court determines that an established custodial environment in fact exists, it makes no difference whether that environment was created by a court order, whether temporary or permanent, or without a court order, or in violation of a court order, or by a court order which was subsequently reversed. The statute represents a policy decision by the Legislature that normally it will not be in the best interests of the child to change an established custodial environment. All of the psychological factors which favor maintenance of an established custodial environ-

ment are present no matter how the custodial environment was created in the first instance.

Our conclusion is supported by the recent decision of the Supreme Court in *Baker v Baker,* 411 Mich 567, 579-580; 309 NW2d 532 (1981):

"Certainly the orders of custody that entered on September 16 and October 3, 1978, did not, of themselves, establish the custodial environment with which we are concerned here. Such an environment depended instead upon a custodial relationship of a significant duration in which Arthur was provided the parental care, discipline, love, guidance and attention appropriate to his age and individual needs; an environment in both the physical and psychological sense in which the relationship between the custodian and the child is marked by qualities of security, stability and permanence."

The trial court emphasized that temporary custody orders are necessary for care of the child while the parties prepare for a hearing on the merits of the custody dispute. We recognize a potential for unfairness to the noncustodial parent if custody pursuant to such a temporary order may ripen into an established custodial environment. Nevertheless, the Legislature has decided that the best interests of the child prevail over procedural fairness to the parents and that the best interests of the child generally require continuance of an established custodial environment. We note, however, that contested custody cases have been given precedence over all other civil cases. MCL 722.26; MSA 25.312(6), GCR 1963, 501.5. Trial courts and parties should endeavor to avoid having custody pursuant to a temporary order ripen into an established custodial environment by expediting the progress of contested custody cases to trial.

The trial court is granted extremely broad pow-

ers in custody cases. See MCL 722.27; MSA 25.312(7):

"If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from another action in a circuit court or another or judgment of a circuit court, for the best interests of the child the court may:

*　*　*

"(f) Take any other action considered to be necessary in a particular child custody dispute."

*Berman, supra,* 746-747, contains language which suggests that this broad grant of authority might in an appropriate case enable the trial court to fashion an order which would create a temporary custodial arrangement for the child which could not ripen into an established custodial environment. It may be that in an extraordinary case such an order is possible. We need not resolve that question here. Any such order would have to be based on a finding that the "best interests of the child" as defined in MCL 722.23; MSA 25.312(3) required such an arrangement. No such finding was made at the time the order of temporary custody was entered here. Clearly the permanent custody order now before us on appeal was not intended to be such an order.

In view of our disposition of the first issue in this appeal, whether the trial court erred in holding that no established custodial environment existed at the time of its decision is now moot. We have remanded this case for a new custody hearing. At that hearing, the trial court shall decide whether an established custodial environment then exists. Our discussion of "established custodial environment" herein is intended to provide

guidance for the trial court on remand. We recognize that a panel of this Court, which included this writer, reached a contrary result in *Edel v Edel,* 97 Mich App 266, 275; 293 NW2d 792 (1980):

"MCL 722.23(d); MSA 25.312(3)(d) directs the trial court to consider in determining the custody of a child '[t]he length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity'. The entire Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* is perfused with reference to the 'best interest' and 'inherent rights' of the child. We consider this provision and these statements of policy to be superior to the symmetry of common-law appellate remedies and even to the rights of the plaintiff, who has prevailed in this appeal. Thus, in reviewing Kristen's custody, the circuit court shall not be precluded from weighing the quality and duration of her stay with the defendant during this appeal."[2]

---

[2] We are of course aware of the increased burden of proof which must be carried by a party seeking a change in a child's 'established custodial environment', MCL 722.27; MSA 25.312(7). In light of our decision regarding the role of MCL 722.23(d); MSA 25.312(3)(d) in the proceedings on remand, we believe that the advantage to Kristen the increased burden of proof might provide does not justify the added burden it would impose upon the plaintiff. We therefore hold that no 'established custodial environment' is created by a custody order that is reversed on appeal. *Cf. Berman v Berman,* 84 Mich App 740; 270 NW2d 680 (1978)."

In view of our analysis of *Berman, supra,* we no longer regard the foregoing language from *Edel* as correct.

Reversed and remanded for proceedings consistent with this opinion. The provisions of the present custody order shall remain in effect until a custody hearing is conducted in accord with this opinion.

No costs to either party.