MOSER v MOSER

Docket No. 68169. Submitted April 8, 1983, at Grand Rapids.—Decided October 25, 1983. Leave to appeal denied, 418 Mich 941.

Plaintiff, Thomas J. Moser, and defendant, Brenda C. Moser, were divorced in the Calhoun Circuit Court, James C. Kingsley, J. The parties were given joint custody of their children with plaintiff having physical custody. Defendant appealed, alleging that the court erred in failing to enforce an alleged agreement between the parties by which plaintiff was to enjoy temporary physical custody of the children until such time as defendant established herself financially, and that the award was against the weight of the evidence. The court considered that the temporary custody arrangement entered into prior to the filing for divorce had created an established custodial environment which could not be changed absent clear and convincing evidence that a change was in the best interests of the children. At trial, two experts recommended that custody be granted to defendant. *Held:*

1. Custody of minor children may not be changed, where an established custodial environment exists, except on a showing by clear and convincing evidence that a change of custody is in the best interests of the children. It makes no difference by what means the custodial environment was established. The court did not err in disregarding the agreement.

2. A trial court may not delegate its responsibility to make judgments in child custody disputes but must arrive at its own conclusions, considering the relevant factors set out by statute. The court considered the relevant factors and its decision is not against the great weight of the evidence.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

Custody of minor children may not be changed, where an established custodial environment exists, except on a showing by

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 1011.
   59 Am Jur 2d, Parent and Child § 25.
[2] 24 Am Jur 2d, Divorce and Separation § 963.

clear and convincing evidence that a change of custody is in the best interests of the children; it makes no difference by what means the custodial environment was established (MCL 722.27; MSA 25.312[7]).

2. PARENT AND CHILD — CHILD CUSTODY — JUDICIAL DUTIES.

A trial court may not delegate its responsibility to make judgments in child custody disputes but must arrive at its own conclusions, considering the relevant factors set out by statute.

*Frederick A. Saver, Jr.,* for plaintiff.

*E. Robert Blaske,* for defendant.

Before: BEASLEY, P.J., and R. B. BURNS and T. C. MEGARGLE,* JJ.

PER CURIAM. Defendant appeals as of right from the child custody provisions contained in the parties' judgment of divorce which was entered in the Calhoun County Circuit Court on November 22, 1982. The parties were awarded joint legal custody of their three children. Plaintiff, however, was awarded physical custody of the children over the strong objections of the defendant.

Defendant first contends that the trial court erred in failing to enforce an alleged agreement between the parties by which plaintiff was to enjoy temporary physical custody of the children until such time as defendant established herself financially. A review of the evidence pertinent to this claim follows.

Defendant testified that in January, 1981, plaintiff delivered her an ultimatum to either leave the marital home so that Betsy Shilton, a woman plaintiff was having an extramarital affair with, could move into the home or that he would move

---

* Circuit judge, sitting on the Court of Appeals by assignment.

from the marital home himself. Defendant said that, because her income was insufficient to support the children and to maintain the home, she moved out. Defendant further testified, however, that the parties agreed that, once she established herself financially, the children would be returned to her custody.

Dr. Gene Jennings, a clinical psychologist who had evaluated the parties and children, recommended that defendant be given custody—both legal and physical—in large part because *both* parties had reported to him an agreement by which defendant was to be given custody within one or two years of the separation.

Plaintiff testified that the agreement which existed between the parties was merely that after two years "they would discuss the custody of the children". He denied that he had ever agreed to give custody to defendant after she established herself financially.

In any case, on January 30, 1981, less than one month after the parties entered into some sort of agreement in respect to custody, plaintiff instituted divorce proceedings and requested permanent custody of the children. An *ex parte* order granting plaintiff temporary custody was entered by Calhoun County Circuit Court Judge Creighton Coleman on the day plaintiff filed his complaint for divorce.

In granting permanent physical custody to plaintiff, the trial court noted that the children had lived in a stable, satisfactory environment with their father for some 18 months prior to the trial. The circuit court further found that the evidence did not support ordering a change in the children's physical custody.

Based upon the facts set forth above, defendant

characterizes this as "a case of custody by trick",[1] and forcefully argues that the courts should not condone such trickery. In support of her position, defendant cites, among other cases, *Miller v Miller,* 23 Mich App 430; 178 NW2d 822 (1970), *lv den* 383 Mich 799 (1970). In *Miller,* plaintiff relinquished custody of her children on condition that they would be returned to her once she was able to provide for them.

The *Miller* Court reversed the trial court's judgment granting permanent custody to the defendant father, finding plaintiff's "conditional relinquishment to be dispositive", and that public policy should encourage a parent to give up custody until able to support the children. Accord: *Speers v Speers,* 108 Mich App 543; 310 NW2d 455 (1981); *Dowd v Dowd,* 97 Mich App 276; 293 NW2d 797 (1980).

In marked contrast to *Miller* and its progeny stands *Blaskowski v Blaskowski,* 115 Mich App 1, 6; 320 NW2d 268 (1982), in which a panel of this Court emphasized that what is important in resolving custody disputes is whether an established custodial environment exists, not the circumstances leading up to the establishment of that custodial environment. If an established custodial environment does exist, custody may not be changed except on a showing of "clear and convincing" evidence that this is in the best interests of the children. MCL 722.27; MSA 25.312(7). Indeed, in *Blaskowski,* the Court went so far as to state that it even made no difference if the estab-

---

[1] The trial court found the evidence to be "inconclusive" in regard to precisely what the custody agreement between the parties entailed. However, even if plaintiff's testimony is accepted in full, given that he instituted proceedings seeking permanent custody of the children within several days of the agreement to, at least, discuss custody of the children in two years, defendant's characterization of this case is not without substantial record support.

lished custodial environment was created "in violation of a court order". 115 Mich App 6. See, also, *Wealton v Wealton,* 120 Mich App 406; 327 NW2d 493 (1982).

In this case, the trial court found that an established custodial relationship existed with plaintiff and that the evidence did not warrant a change of physical custody. We rely on *Blaskowski* and find that, even if the agreement was as represented by defendant, the trial court correctly found that physical custody should not be changed absent clear and convincing evidence that this was in the best interests of the children.

This Court decided *Miller, supra,* before the Child Custody Act of 1970, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* became the law in Michigan. Instead, at the time *Miller* was decided, MCL 722.541; MSA 25.311 created a rebuttable presumption that the mother should be granted custody where the parties' children are under twelve years of age. Nothing in the pertinent statutory provisions regarding child custody at the time *Miller* was decided addressed situations in which the children enjoyed an established custodial environment. Now, however, MCL 722.27(c); MSA 25.312(7)(c) unambiguously sets forth the lower court's duty not to change custody except on a showing of clear and convincing evidence if the children are living in an established custodial environment. Nothing in the statute provides for an exception to this duty, even to avoid or rectify some unfairness to one of the parties.[2]

---

[2] We emphasize that custody decisions are made to effect the "best interests of the child". The Legislature has determined that the children's best interests outweigh a parent's interests to absolute fairness in the few cases in which the best interests of the children and equity to a particular party conflict. Compare, *Blaskowski, supra,* p 7.

In *Dowd, supra,* which relied on *Miller,* the Court failed to note that *Miller* was decided under a repealed statute. In *Speers, supra,* which relief on *Dowd,* the Court explicitly found an "exception" to the policy of maintaining an established custodial environment where a parent has voluntarily relinquished custody to protect the best interests of the children. As noted above, however, we find no statutory support for the existence of such an exception.[3]

Defendant also contends that the trial court's custody determination should be reversed because it is against the "clear weight of the evidence". Pursuant to MCL 722.28; MSA 25.312(8), the trial court's judgment and order in a custody dispute shall be affirmed unless the court's findings are against the great weight of the evidence.

Defendant's claim in this regard is based primarily on the fact that Vicki Sherman, a Senior Investigator with the Calhoun County Friend of the Court, and Dr. Gene K. Jennings, an independent expert appointed by the court, both recommended granting custody of the children to defendant. However, the trial court must arrive at its own conclusions in a custody dispute and cannot

---

[3] We do not wish to be understood as holding that a trial court may not weigh as a factor in determining the best interests of the children, the fact that the custodial parent has obtained custody under an agreement which he then breached. To the extent that the custodial parent's breach tends to reflect on his ability to, for example, instill appropriate ethics and honesty in the children, this may be considered pursuant to MCL 722.23(k); MSA 25.312(3)(k), as: "Any other factor considered by the court to be relevant to a particular child custody dispute." In some cases where an established custodial environment exists, the fact of a breached custody agreement may tip the balance in favor of a finding that "clear and convincing" evidence supports a custodial change in the best interests of the children. We emphasize, however, that the fact that a custody agreement has been breached is only *a* factor in determining the best interests of the children and, in and of itself, is not dispositive of the question of which parent should have custody.

delegate its authority to the Friend of the Court or other experts. *Zammitt v Zammitt,* 106 Mich App 593, 597-598; 308 NW2d 294 (1981).

The trial court fully and carefully analyzed each of the eleven factors set out in MCL 722.23; MSA 25.312(3), which comprise the legislatively adopted criteria for assessing the best interests of the children. We are not persuaded that the trial court's decision that these criteria favored continuing custody with plaintiff is against the great weight of the evidence.

Affirmed.