## THEROUX v DOERR

Docket No. 74416. Submitted June 7, 1984, at Grand Rapids.—Decided September 4, 1984.

Plaintiff, Mona L. Theroux, was divorced from defendant, Steven Doerr, in 1978 and was granted legal and physical custody of the parties' two children. In 1982, plaintiff moved to Colorado to attend a nine-month master's degree program. At that time the parties agreed to a temporary transfer of physical custody of the children to defendant. Prior to plaintiff's return from Colorado, defendant moved the Ingham Circuit Court for a continuation of custody. The court, Robert Holmes Bell, J., analyzed the statutory factors to be considered in deciding the issue of custody, finding that parties to be equal in most factors. The court emphasized that the family unit established with defendant should be continued and encouraged and modified the custody order to grant joint legal custody with physical custody in defendant during the school year and in plaintiff during the summer. Plaintiff appealed. *Held:*

The desirability of maintaining the status quo of the custodial environment of a child, of itself, does not necessarily constitute the clear and convincing evidence, required to justify the modification or amendment of a previous custody award, and where a parent temporarily and voluntarily relinquishes custody of a child to protect the child's best interests, custody should be returned to that parent absent the presentation of clear and convincing evidence to warrant a change in the custody order.

Reversed and legal and physical custody reinvested in plaintiff.

PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

The desirability of maintaining the status quo of the custodial environment of a child, of itself, does not necessarily constitute the clear and convincing evidence required to justify the modifi-

REFERENCES FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 996.
42 Am Jur 2d, Infants § 28 *et seq.*
59 Am Jur 2d, Parent and Child § 25 *et seq.*

cation or amendment of a previous custody award, and where a parent temporarily and voluntarily relinquishes custody of a child to protect the child's best interests, custody should be returned to that parent absent the presentation of clear and convincing evidence to warrant a change in the custody order (MCL 722.27; MSA 25.312[7]).

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *George V. Warren*), for plaintiff.

*Spence, Martin & Hornbach* (by *Donald E. Martin*), for defendant.

Before: J. H. GILLIS, P.J., and M. J. KELLY and C. H. MULLEN,* JJ.

M. J. KELLY, J. Plaintiff mother appeals as of right from an October, 1983, order granting the parties joint legal and physical custody of the children. The parties were married in September of 1972 and divorced in December of 1978. Two children were born of the marriage. The 1978 judgment of divorce granted plaintiff legal and physical custody of the children. Four years later, in August of 1982, plaintiff was accepted to attend a nine-month master's degree program in judicial administration in Denver, Colorado. She filed a petition to move the children to Colorado for this nine-month period. Defendant, however, objected to her removing the children from the state. To accommodate both parties' desires, a stipulation was entered into wherein both agreed that, during this nine-month period, physical custody would be transferred to defendant.

Just prior to plaintiff's return from Colorado defendant filed a motion for continuation of custody. The trial court ordered a full evidentiary hearing. At the conclusion of this hearing, the

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court analyzed the factors set forth in the Child Custody Act, MCL 722.23; MSA 25.312(3), and made certain findings of fact relative to the custody of the children. It determined that, although both parties had established custodial homes, plaintiff's status as legal custodian placed on defendant the burden of demonstrating by clear and convincing evidence that he should be awarded custody. It found that the parties were equal in regard to most of the factors. It, however, emphasized that the family unit established with defendant and his new wife should be continued and encouraged. The trial court stated that both parties were good parents and both should use their strengths jointly to help raise the children. Then, the trial court modified the initial custody order awarding the parties joint legal and physical custody of the children. Defendant was granted physical custody of the children during the school year and plaintiff was awarded physical custody during the summer. We reverse.

Where an established custodial environment is created by custody order, the trial court may modify such an order only if it is presented with "clear and convincing evidence that it is in the best interest of the child". MCL 722.27(c); MSA 25.312(7)(c). We have *de novo* review of the trial court's custody determination but are bound to affirm the trial court's judgment in the absence of an abuse of discretion, clear error, or findings of fact which are against the great weight of the evidence. MCL 722.28; MSA 25.312(8); *Baker v Baker,* 411 Mich 567, 573; 309 NW2d 532 (1981).

This Court has previously given effect to agreements entered into by the parents which temporarily limit the period of one parent's custody. *Miller v Miller,* 23 Mich App 430; 178 NW2d 822

(1970), *lv den* 383 Mich 799 (1970); *Dowd v Dowd,*
97 Mich App 276; 293 NW2d 797 (1980); *Speers v
Speers,* 108 Mich App 543; 310 NW2d 455 (1981).[1]
In doing so we have acknowledged the general
policy which seeks to maintain continuity to pro-
tect the best interests of the child. *Speers, supra,* p
547. Nevertheless, because of our desire to encour-
age a mother to relinquish custody if she feels
unable to provide for her charges, we have ex-
cepted from this general policy the practice
whereby a parent temporarily and voluntarily
relinquishes custody to protect the children's best
interests. *Speers, supra,* pp 547-548. We encourage
such a practice by returning custody to that par-
ent; otherwise a mother would be reluctant to
relinquish custody if she knew that, once it passed
to the father, it could not be regained. *Miller,
supra,* pp 437-438; *Dowd, supra,* pp 279-280;
*Speers, supra.* In reinforcing this practice, we will
reverse a trial court which, because of its desire to
maintain continuity, continues custody with the
parent who was the beneficiary of a temporary
arrangement. *Cf. Speers, supra.* (The trial court
had attached neutral weight to each of the other
factors.)

In the instant case the trial court in its findings

------

[1] We would like to note that recently this Court in *Moser v Moser,*
130 Mich App 97; 343 NW2d 246 (1983), determined that the exis-
tence of an agreement did not establish clear and convincing evidence
that the custodial environment should be changed from the father to
the mother. We find *Moser* distinguishable from the facts herein
inasmuch as in *Moser* the custodial environment was determined to
be with the father, thereby placing the burden upon the mother of
demonstrating clear and convincing evidence that the custodial envi-
ronment should be changed. In the case herein, however, the mother
established a custodial environment and the father assumed the
burden of proof. Hence, the issue herein is not whether the agree-
ment established clear and convincing evidence that the custodial
environment should be changed to the mother. Rather, the issue is
whether the father established clear and convincing evidence that the
custodial environment should be changed to the father. Thus, we find
*Moser* not dispositive of the case herein.

of fact, perceived the issue to revolve around the factors concerning "the length of the time the child has lived at *[sic]* a stable, satisfactory environment and the desirability of maintaining continuity, together with the home, school and community record of the child". The trial court also emphasized the fact that a family unit existed consisting of the father, stepmother and children. Further, the trial court indicated that the children's preferences were not inconsistent with its determination.

In essence, the trial court's decision was based upon its desire to maintain continuity with the father's family unit. While we acknowledge that this conforms to the general policy of protecting the best interests of the child, we hold that these facts fall within its exception. We give effect to the stipulation entered into by the parties as we desire to encourage the practice plaintiff utilized of voluntarily and temporarily relinquishing custody of her children to protect their best interests.

We find that the trial court erred in modifying the initial custody order. We reverse the trial court's decision and reinvest the mother with legal and physical custody of the children.