HALL v HALL

Docket No. 86449. Submitted July 9, 1986, at Lansing. Decided November 17, 1986.

Plaintiff, Dorothy J. Hall, and defendant, Donald J. Hall, were granted a judgment of divorce in the Arenac Circuit Court. Plaintiff was awarded custody of the parties' minor son, Damian. Thereafter, plaintiff and the child moved to Colorado, but the child was subsequently sent back to plaintiff's parents in Michigan and the plaintiff sought to have her mother made guardian of the child. Defendant sought and was granted an ex parte order of custody. Seventeen months later, the trial court, Carl L. Horn, J., heard defendant's motion for permanent custody. The court found a custodial environment in the father, found that the best interests of the child would be better served by awarding permanent custody to the defendant and entered an order modifying the judgment of divorce accordingly. Plaintiff appeals.

The Court of Appeals *held*:

1. The plaintiff no longer maintained a custodial environment, thus, defendant's request for legal custody was not an attempt to change a custodial environment. Defendant did not have the burden of proof of clear and convincing evidence. Defendant needed only to prove the best interests of the child by a preponderance of the evidence.

2. The trial court did not err by finding the best interests of the child would be better served by awarding custody to the defendant.

Affirmed.

1. DIVORCE — CHILD CUSTODY — APPEAL — CUSTODIAL ENVIRONMENT.

A court shall not modify or amend its previous judgments or

REFERENCES

Am Jur 2d, Appeal and Error §§ 18, 774.

Am Jur 2d, Divorce and Separation §§ 1010 *et seq.*

Primary caretaker role of respective parents as factor in awarding custody of child. 21 ALR4th 1129.

Desire of child as to geographical location of residence or domicile as factor in awarding custody or terminating parental rights. 10 ALR4th 827.

orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that a change of custody is in the child's best interest; the custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort; the age of the child, the physical environment, and the inclination of the custodian and the child as to the permanency of the relationship shall also be considered; whether or not an established custodial environment exists is a question of fact for the trial court to resolve based on the statutory factors (MCL 722.23, 722.27[1][c]; MSA 25.312[3], 25.312[7][1][c]).

2. DIVORCE — CHILD CUSTODY — APPEAL — CUSTODIAL ENVIRONMENT.

A father who seeks an order modifying a judgment of divorce which awarded legal custody of the father's child to the child's mother need only prove by a preponderance of the evidence that a change in legal custody to the father is in the best interests of the child where the mother no longer maintains a custodial environment and the father maintains a custodial environment and is thus not attempting to change the custodial environment.

3. APPEAL — CHILD CUSTODY.

The standard of review applied by the Court of Appeals in child custody cases is a de novo review; the Court of Appeals will not disturb a child custody order unless the trial court made findings of fact against the great weight of the evidence, committed a palpable abuse of discretion, or made a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

*Scully & Winter Law Office* (by *Patrick R. Winter*), for plaintiff.

*James W. Shotwell,* for defendant.

Before: CYNAR, P.J., and T. M. BURNS and M. E. KOBZA,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order awarding defendant permanent custody of the parties' minor son, Damian. We affirm.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff and defendant were divorced in 1980, and plaintiff mother was awarded custody of Damian. In 1983, mother and child moved to Colorado, but Damian was sent back to the parents of the mother in Michigan. Defendant father was then granted an ex parte order of custody. Seventeen months later, defendant father's motion for permanent custody was heard. The trial court found a custodial environment in the father and after reviewing the eleven factors contained in the Child Custody Act, MCL 722.23; MSA 25.312(3), awarded custody to the father.

Plaintiff first contends that the trial court erred by finding a custodial environment in the father. The Child Custody Act provides: "The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c); MSA 25.312(7)(1)(c). The same subsection directs a trial court to determine if over an "appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." Other factors to be considered are the child's age, his physical environment, and the permanency of the parent-child relationship. MCL 722.27(1)(c); MSA 25.312(7)(1)(c).

> Whether or not an established custodial environment exists is a question of fact for the trial court to resolve based on the statutory factors. If the trial court determines that an established custodial environment in fact exists, it makes no difference whether that environment was created by a court order, whether temporary or permanent, or without a court order, or in violation of a court

order, or by a court order which was subsequently reversed. [*Blaskowski v Blaskowski,* 115 Mich App 1, 6; 320 NW2d 268 (1982).]

In the instant case the trial court found a custodial environment in the father, even though legal custody was in the mother. We agree that plaintiff mother no longer maintains a custodial environment; thus defendant father's request for legal custody was not an attempt to change the custodial environment, and he did not have the increased burden of clear and convincing evidence. Defendant father needed only to prove the best interests of the child by a preponderance of the evidence.

Plaintiff next argues that the trial court erred by finding the best interests of the child would be better served by awarding custody to defendant. We disagree.

The Child Custody Act requires that this Court find a palpable abuse of discretion, clear legal error on a major issue, or findings of fact against the great weight of the evidence before reversing a custody order. MCL 722.28; MSA 25.312(8). Review, however, is de novo. *Bednarski v Bednarski,* 141 Mich App 15; 366 NW2d 69 (1985).

Two factors weighed heavily in favor of defendant father. The father had kept the child in the same stable environment for the seventeen months preceding the custody hearing. Damian had shown marked improvement in school and was participating in family counseling with defendant father and defendant's fiancée (factors d and h). Although Damian expressed a preference to live with his mother, this desire may have been related to the lack of discipline imposed by his mother. The trial judge found the parties equal with respect to the other enumerated factors. On balance, the best

interests of the child are served by awarding custody to defendant father.

Plaintiff argues that such a finding violated the holding of *Theroux v Doerr,* 137 Mich App 147; 357 NW2d 327 (1984). The *Theroux* Court forbade a trial court from changing custody after a custodial parent gave up custody temporarily for the best interests of the child with an agreement that custody would be returned. Here, though, the plaintiff did not willingly give up custody; plaintiff sent Damian to her mother and was attempting to have her mother made guardian. Defendant stepped in and gained a temporary ex parte custody order. Plaintiff and defendant did not have an agreement giving defendant custody until plaintiff was able to regain custody.

The best interests of the child were served by placing custody in the defendant father. The trial court did not err.

Affirmed.