SEDLAR v SEDLAR

Docket No. 100980. Submitted October 8, 1987, at Grand Rapids.
Decided December 8, 1987.

Plaintiff, Debra Sedlar, and defendant, Mark Sedlar, were di-
vorced pursuant to a judgment entered in the Cass Circuit
Court. Plaintiff was awarded permanent custody of the parties'
minor child. Plaintiff later experienced problems with her live-
in boyfriend and decided to stay temporarily with her sister.
Plaintiff asked defendant to care for the child during this time.
The parties dispute whether the change of custody was in-
tended to be temporary. Defendant then filed a petition for
change of custody. Following a hearing at which plaintiff
consented to a change of custody, an order changing custody to
defendant was entered. Plaintiff thereafter petitioned for a
change of custody. A referee determined that an established
custodial environment existed with defendant and that plaintiff
failed to establish by clear and convincing evidence that a
change of custody was in the child's best interests. The referee
recommended denial of plaintiff's petition. The circuit court,
Michael E. Dodge, J., adopted the referee's recommendations.
Following plaintiff's motion for a hearing de novo on her
petition, the trial court found that plaintiff had failed to
establish by clear and convincing evidence that a change of
custody was in the child's best interest. Plaintiff appeals from
the order to that effect.

The Court of Appeals *held:*

1. A custodial environment was established with the defen-
dant at the time of the entry of the order which gave effect to
the parties' stipulated agreement to change custody. The trial
court's finding that the stipulated agreement to change custody

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1003 *et seq.*

Am Jur 2d, Parent and Child §§ 23 *et seq.*; 41 *et seq.*

Constitutional principles applicable to award or modification of
custody of child—Supreme Court cases. 80 L Ed 2d 886.

Right of parent to regain custody of child after temporary condi-
tional relinquishment of custody. 35 ALR4th 61.

was not of a temporary nature was not against the great weight of the evidence or a palpable abuse of discretion.

2. Plaintiff failed to met her burden of showing by clear and convincing evidence that a change in custody was warranted.

Affirmed.

1. Divorce — Child Custody — Appeal.

All orders and judgments of the circuit court in a child custody dispute will be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

2. Divorce — Child Custody — Established Custodial Environment.

The Child Custody Act requires that a court refrain from changing custody if it would change the established custodial environment, unless presented with clear and convincing evidence that such change is in the best interest of the child; whether or not an established custodial environment exists is a question of fact for the trial court to resolve based on the statutory factors; where the court determines that an established custodial environment exists, it makes no difference whether that environment was created by a court order, whether temporary or permanent, or without a court order, or in violation of a court order, or by a court order which was subsequently reversed (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

*Burch & Dettman* (by *Andrew J. Burch*), for plaintiff.

*Harrison Law Offices, P.C.* (by *Philip B. Harrison*), for defendant.

Before: Danhof, C.J., and Cynar and J. E. Mies,* JJ.

Per Curiam. Plaintiff, Debra Sedlar (now Wishart), appeals as of right from an April 10, 1987, order denying her motion to change custody of the parties' minor daughter, Amber R., born June 21, 1983. We affirm.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff and defendant were married on August 21, 1981, and resided as husband and wife until September 25, 1984. On October 17, 1984, plaintiff filed a complaint for divorce. Simultaneously, plaintiff moved for temporary custody of the minor daughter. On November 15, 1984, plaintiff was awarded temporary custody. This award of temporary custody was made permanent in the judgment of divorce entered on May 16, 1985.

In February, 1986, plaintiff telephoned defendant and inquired whether defendant would be willing to take custody of Amber. At that time, plaintiff was having problems with her live-in boyfriend (now husband) to the extent that she went to stay temporarily with her sister. Because her sister's home was too small to accommodate plaintiff and Amber, plaintiff thought defendant could better take care of Amber under these circumstances. Plaintiff believed that the placement of Amber with defendant was temporary, even though at the August 7, 1986, hearing she testified that she knew that the stipulated-to change of custody was not temporary. Defendant denied that custody would be temporary. Defendant agreed to take Amber.

Subsequently, on March 12, 1986, defendant filed a petition for change of custody. The petition was heard on March 24, 1986, before a court referee. Appearing without counsel, plaintiff consented to a change of custody. An order dated April 14, 1986, changed custody of Amber to defendant.

Thereafter, on May 16, 1986, plaintiff petitioned the circuit court for a change of custody. An evidentiary hearing was held on August 7, 1986, before the referee. At the conclusion of the hearing, the referee advised the parties that he would

take plaintiff's petition under advisement and render a written recommendation at a later date.

The referee's written recommendation was filed on August 8, 1986. In it, the referee concluded that an established custodial environment existed with the father. The referee also found that plaintiff did not establish by clear and convincing evidence that a change of custody was in the best interests of Amber. The referee recommended that plaintiff's petition be denied and that she be afforded reasonable rights of visitation.

In an order dated September 22, 1986, the circuit judge adopted the referee's recommendations. Thereafter, plaintiff moved for a hearing de novo on her petition for change of custody, which was granted on November 24, 1986. The hearing took place before the trial court on March 30, 1987. At the hearing's conclusion, the trial court found that plaintiff had failed to establish by clear and convincing evidence that the best interests of Amber called for a change of custody. An order to this effect was entered on April 10, 1987.

Two days prior to the entry of the April 10, 1987, order, plaintiff moved for reconsideration. The trial court denied plaintiff's motion in a May 11, 1987, order. Plaintiff now appeals claiming that the clear and convincing evidence burden of proof does not apply here because there was no showing of an established custodial environment with the father since plaintiff only granted defendant temporary custody of Amber.

This Court's review in child custody cases is de novo. We must appraise the evidence apart from the trial court's findings. *Glover v McRipley*, 159 Mich App 130, 133; 406 NW2d 246 (1987). How-

ever, relief is ultimately governed by § 8 of the Child Custody Act[1] which provides:

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. [MCL 722.28; MSA 25.312(8).]

The first step in deciding any child custody dispute is to determine if there exists an established custodial environment. *Stringer v Vincent*, 161 Mich App 429, 434; 411 NW2d 474 (1987). The Child Custody Act requires that a court refrain from changing custody if it would change the established custodial environment, unless presented with clear and convincing evidence that such change is in the best interest of the child. MCL 722.27(1)(c); MSA 25.312(7)(1)(c).

Plaintiff argues that because she only consented to temporary custody no custodial environment could be established with the father. In support of her claim, she cites two cases: *Theroux v Doerr*, 137 Mich App 147; 357 NW2d 327 (1984), and *Speers v Speers*, 108 Mich App 543; 310 NW2d 455 (1981).

In *Theroux, supra*, this Court was asked to determine the effect of an agreement whereby the custodial parent temporarily and voluntarily relinquished custody to the noncustodial parent to protect the best interests of the child. This Court held:

> This Court has previously given effect to agree-

---

[1] MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.*

ments entered into by the parents which temporarily limit the period of one parent's custody. *Miller v Miller,* 23 Mich App 430; 178 NW2d 822 (1970), lv den 383 Mich 799 (1970); *Dowd v Dowd,* 97 Mich App 276; 293 NW2d 797 (1980); *Speers v Speers,* 108 Mich App 543; 310 NW2d 455 (1981). In doing so we have acknowledged the general policy which seeks to maintain continuity to protect the best interests of the child. *Speers, supra,* p 547. Nevertheless, because of our desire to encourage a mother to relinquish custody if she feels unable to provide for her charges, we have excepted from this general policy the practice whereby a parent temporarily and voluntarily relinquishes custody to protect the children's best interests. *Speers, supra,* pp 547-548. We encourage such a practice by returning custody to that parent; otherwise a mother would be reluctant to relinquish custody if she knew that, once it passed to the father, it could not be regained. *Miller, supra,* pp 437-438; *Dowd, supra,* pp 279-280; *Speers, supra.* In reinforcing this practice, we will reverse a trial court which, because of its desire to maintain continuity, continues custody with the parent who was the beneficiary of a temporary arrangement. Cf. *Speers, supra.* [137 Mich App 149-150.]

Similarly, in *Speers, supra,* p 546, this Court held that where one party has legal custody and the moving party has temporary custody pursuant to an agreement of the parties, the moving party must prove by clear and convincing evidence that a change of custody is warranted.

In our case, the change in custody order did not indicate that the change in custody was temporary. Thus, unlike in *Theroux* and *Speers,* this change in custody order did not explicitly indicate that it was for a temporary amount of time. The court found that legal custody of Amber was changed by agreement of the parties. This change

was without limitation. A custodial environment was established with the father at the time of the entry of the April 14, 1987, order, which gave effect to the parties' stipulated agreement to change custody. While we note the parties' respective positions, we cannot conclude that the trial court's finding that the stipulated-to agreement to change custody was not of a temporary nature was against the great weight of the evidence or a palpable abuse of discretion. Our review of the record supports the court's conclusion.

Moreover, in *Blaskowski v Blaskowski*, 115 Mich App 1, 6; 320 NW2d 268 (1982), this Court held that the denomination of a custody order by the trial court was not dispositive. Whether or not an established custodial environment exists is a question of fact for the trial court to resolve based on the statutory factors. If the court determines that an established custodial environment in fact exists, it makes no difference whether that environment was created by a court order, whether temporary or permanent, or without a court order, or in violation of a court order, or by a court order which was subsequently reversed.

In this case, we find no error. The plaintiff's stipulation for a change in custody, not being of a temporary nature, required plaintiff to make a showing by clear and convincing evidence that a change in custody was warranted. Since plaintiff failed to meet her burden, the custody decision stands.

Affirmed.