# STATE OF MICHIGAN

# COURT OF APPEALS

SHANA VELAZQUEZ,

Plaintiff-Appellee,

v

CHRISTOPHER EMERSON,

Defendant-Appellant.

UNPUBLISHED
November 18, 2014

No. 320871
Washtenaw Circuit Court
LC No. 13-001155-DC

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Defendant Christopher Emerson appeals as of right a February 25, 2014, order denying his petition for a change of custody in regard to the child he shares with plaintiff Shana Velazquez. We reverse and remand for further proceedings.

On November 3, 2008, a judge of the Ninth Judicial Circuit Court in Orange County, Florida, entered a judgment of paternity regarding the parties and the child. Velazquez was granted sole legal and physical custody, while Emerson was granted parenting time.

On June 6, 2013, Emerson filed a petition for modification of custody in the trial court. At that time, Velazquez was living in Arizona and Emerson was living in Michigan. Emerson alleged that the child had been residing with him since November 5, 2011. Emerson also alleged that the child was registered to attend school in Michigan. Emerson argued that there were changed circumstances that supported the modification of the judgment of paternity entered in Florida, that the child had an established custodial environment with him, and that granting him physical custody of the child would be in the child's best interests.

At a hearing on July 2, 2013, the court stated that there was "a sufficient change of circumstances to warrant a careful look at where we go."

On July 29, 2013, the trial court entered a consent order providing that the child would attend kindergarten in Michigan, that "the Parties" would have temporary joint legal and physical custody, and that Velazquez would have "reasonable liberal parenting time" until further order of the court. Significantly, the consent order specifically stated that "the parties stipulate to there being changed circumstances regarding Defendant's Petition for Chance [sic] of Custody."

-1-

On February 24, 2014, the trial court held a motion hearing regarding the circumstances of the child's stay with Emerson in Michigan. Velazquez testified that the child initially visited Emerson from November 4, 2011, to January 2, 2012. Velazquez said that her intention for the visit was for the minor child to spend more time with Emerson because the child was having behavioral issues. Velazquez reached out to Emerson again in February 2012 because the child continued to have behavioral issues and she thought it would be in the child's best interests to spend more time with Emerson. According to Velazquez, she wanted the child to build a relationship with Emerson before the child began kindergarten. Velazquez testified that she and Emerson agreed to review the child's living arrangement after the child's preschool year and before kindergarten started.

Emerson testified that Velazquez contacted him in October 2011 and told him that the child was having serious behavioral issues. According to Emerson, he and Velazquez agreed that the child would stay with him until after New Years' Eve in 2011. Emerson also testified that in late January 2012, Velazquez contacted him and told him that the child had returned to negative behaviors and attitudes. According to Emerson, Velazquez told him that she thought that the child should go back to him for "a trial period of time" and that they would reassess the question of where the minor child would live and go to school before the child began kindergarten.

The trial court found that the 2008 judgment of paternity entered in Florida granted Velazquez sole legal and physical custody and that the order had not been changed. The trial court acknowledged that the parties stipulated in the July consent order that there was a sufficient change of circumstances to revisit the Florida judgment, but it stated, "I don't think there is to revisit that order [sic]." The trial court ordered that the child be immediately returned to Velazquez.

Emerson argues that there was a change of circumstances in this case because the child had primarily resided in Michigan with him and attended school in Michigan since November 2011. A child-custody award may only be modified after there has been "proper cause shown or because of change of circumstances . . . ." MCL 722.27(1)(c). The purpose of the proper cause or change-of-circumstances requirement is "to 'erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders.'" *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003), quoting *Heid v Aaasulewski (After Remand)*, 209 Mich App 587, 593-594; 532 NW2d 205 (1995). In regard to child custody, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28.

While it is true that "a stipulation by the parties regarding a matter of law is not binding on a court," see *Staff v Johnson*, 242 Mich App 521, 529; 619 NW2d 57 (2000), we cannot characterize the factually based change-of-circumstances issue as *purely* a "matter of law." In *Vodvarka*, 259 Mich App at 512, the Court stated, "Often . . ., the facts alleged to constitute proper cause or a change of circumstances will be undisputed, or the court can accept as true the facts allegedly comprising proper cause or a change of circumstances, and then decide if they are legally sufficient to satisfy the standard." Here, the parties in their consent judgment

acknowledged that "the parties' minor child shall attend kindergarten in the State of Michigan until there is a determination of change of custody" and further provided for Velazquez to pay child support to Emerson. The parties clearly acknowledged, in some fashion, that certain circumstances had changed. In addition, the child moved from residing with one parent to residing with another parent in another state for approximately two years, which clearly constituted a material change that could have a significant effect on a child. See *id*. at 513-514. In addition, the court itself found a change of circumstances on July 2, 2013.

We find distinguishable the case of *Theroux v Doerr*, 137 Mich App 147; 357 NW2d 327 (1984), in which the Court discussed a temporary custody arrangement caused by a nine-month master's program being attended by the mother and concluded that the arrangement did not provide a basis to modify custody. In *Theroux*, *id*. at 150, the Court stated that "we will reverse a trial court which, because of its desire to maintain continuity, continues custody with the parent who was the beneficiary of a temporary arrangement." Here, the consent order did not reflect a clear temporary arrangement. Instead, it explicitly stated, "the parties stipulate that the parties' minor child shall attend kindergarten in the State of Michigan *until there is a determination of change of custody*" (emphasis added). The parties stipulated on July 29, 2013, that there was, in fact, a change of circumstances, and the legal standard was satisfied. *Vodvarka*, 259 Mich App 512.

Under all the circumstances, we conclude that the court ultimately erred in finding no change of circumstances sufficient to warrant a revisiting of the original custody order.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan