FROWNER v SMITH

Docket No. 305704. Submitted March 15, 2012, at Detroit. Decided April 26, 2012, at 9:05 a.m.

Davion Frowner was born to Diane Frowner and Lamonte A. Smith in 1999. Davion's parents never married, but in 2000, Smith acknowledged paternity and began paying child support. Diane died in 2007 and Davion, who had resided with his mother since his birth, went to live with Diane's parents, Herbert and Deborah Frowner. Herbert and Deborah petitioned the Wayne Circuit Court to be appointed guardians. Smith responded with a motion for custody. The parties eventually signed a consent order for custody, parenting time, and child support in August 2008 that provided that Smith and the Frowners would jointly share Davion's legal custody and Davion's primary residence would remain with the Frowners until further order of the court. Smith moved for a change of custody in 2011. A hearing referee recommended that the motion be denied because Smith had not stated a change of circumstances to warrant reviewing the issue of custody. The court, Kathleen M. McCarthy, J., denied the motion, refusing to evaluate whether the child's best interests would be served by awarding custody to Smith, on the basis that Smith failed to demonstrate proper cause or a change in circumstances to warrant a custody hearing to determine the child's best interests. Smith appealed.

The Court of Appeals *held*:

The circuit court clearly erred by imposing on Smith the threshold burden of proving that proper cause or changed circumstances justified a custody hearing. A natural parent possesses a fundamental interest in the companionship, custody, care, and management of his or her child protected by the due process provisions of US Const, Am XIV and Const 1963, art 1, § 17. The parental presumption in MCL 722.25(1) codifies the fundamental tenet that, in a custody disagreement between a fit parent and a third party, the fit parent has the advantage. When there is a conflict between the presumption in MCL 722.25(1) that, in a custody dispute between a parent and a third person, the court shall presume that the best interests of the child are served by

awarding custody to the parent, unless the contrary is established by clear and convincing evidence, and the presumption in MCL 722.27(1)(c) that provides for modification of a custody arrangement only upon a showing of proper cause or change of circumstances, the parental presumption of MCL 722.25(1) controls. The trial court erred by applying MCL 722.27(1)(c) in this case. The trial court's order is reversed and the case is remanded to the trial court for a best-interests hearing at which, in order for the Frowners to be granted continuing custody, the Frowners have the burden of establishing by clear and convincing evidence that it is not in Davion's best interest for Smith to have custody of Davion.

Reversed and remanded.

PARENT AND CHILD — CHILD CUSTODY — CONFLICT OF LAWS.

When there is a conflict between the parental presumption in MCL 722.25(1), which provides that in a custody dispute between a parent and a third person the court shall presume that the best interests of the child are served by awarding custody to the parent, unless the contrary is established by clear and convincing evidence, and the presumption in MCL 722.27(1)(c), which provides for the modification of a child custody arrangement only when there is a showing of proper cause or changed circumstances, the parental presumption of MCL 722.25(1) controls.

*Sandra M. Larson* for Herbert and Deborah Frowner.

Lamonte A. Smith *in propria persona.*

Before: BORRELLO, P.J., and BECKERING and GLEICHER, JJ.

GLEICHER, J. This is a child-custody dispute between a noncustodial father and the child's maternal grandparents, the boy's third-party custodians. The circuit court refused to evaluate whether the child's best interests would be served by awarding custody to Lamonte Smith, the boy's father, based on its determination that Smith failed to demonstrate proper cause or change of circumstances. Contrary to the circuit court's ruling, the constitutionally based presumption in favor of a natural parent supplies the threshold showing required

for an evidentiary hearing. Because the circuit court's decision cannot be reconciled with Smith's fundamental constitutional right to the custody of his son, we reverse and remand for further proceedings.

### I. BACKGROUND

Davion Frowner was born to Diane Frowner and Lamonte A. Smith in 1999. Smith and Frowner never married, and from the time of his birth, Davion resided with his mother. In 2000, Smith acknowledged paternity and began paying child support. When Diane Frowner died in 2007, intervening plaintiffs, Herbert and Deborah Frowner, Davion's maternal grandparents, took the boy into their home. The Frowners then petitioned the court to be appointed as Davion's guardians. Smith responded by filing a motion for custody. Gaps in the record prevent us from determining why both parties' motions were dismissed by the circuit court.[1] We know only that on August 13, 2008, the parties signed a consent order for custody, parenting time, and child support. The order provided that Smith and the Frowners would jointly share Davion's legal custody, and that the child's "primary residence" would remain with the Frowners "until further order of the Court." The order set forth a parenting-time schedule and confirmed that Smith would continue to pay child support.

In September 2009, Smith moved to change custody. The motion is nowhere to be found in the circuit court record. Apparently the court denied Smith's motion; that order, too, is missing.

---

[1] The 2008 motions are not contained in the record, nor is the order appointing a guardian ad litem for the child or the guardian ad litem's report. The record does include an order and a transcript from an entirely unrelated case. The poor condition of the circuit court record has unnecessarily complicated this Court's review.

Smith's third attempt at changing his son's custody resulted in the denial giving rise to this appeal. After Smith again moved for custody, a circuit court referee found unpersuasive his claim that Davion preferred to live with Smith and was doing poorly in school. The referee recommended that Smith's motion be denied because he had "not stated a change of circumstances to warrant reviewing the issue of custody."

Smith filed objections and supplemental objections to the referee's recommendation and requested a de novo hearing. When the hearing commenced, the Frowners' counsel, Sandra Larson, characterized Smith's argument as follows:

> In his objections, [defendant] indicates that, he argues that [as] far as the burden of proving a change of circumstances is not warranted in this case [sic] because the matter involves a third party.
>
> And in addition, he cites the best interest of the child control [sic] and the best interests of the child are better served by residing with the parent rather than a third party.

The trial court then addressed Smith, who represented himself at the hearing:

> *The Court*: Okay. And I note that you filed a motion to change custody. And you have, in fact, stated the law wrong in the state of Michigan.
>
> Once a custody order is established, it cannot be modified, I don't care who the litigants are, absent a proper cause or a change in circumstances that materially affect the welfare of the minor child. That is the burden that you have. Okay?
>
> *Mr. Smith*: Okay.
>
> *The Court*: It does not matter that these parties are not the biological parents because you entered into this consent order in 2008, I believe.
>
> *Ms. Larson*: Correct.

*The Court*: Okay. So, what you have cited in your motion is that there's a significant change in circumstances because now the minor child has spent a significant amount of time with you, including overnights, and your relationship has improved. Correct? That's what you cited as a change.

And that your son is continuing to have difficulty in school, as he had before, that he's failed the fourth grade and is currently failing the fifth grade while living with the maternal grandparents.

Then you went into the best interest factors. But that's not the issue for the Court. The issue is what is the change in circumstance? You have cited two issues. Your first issue is your son has bonded with you now. Prior to the entry of that judgment, you had not exercised any significant parenting time with your son. Now, you have.

And that he was having issues in school, which you had indicated was an issue for the Court at this time that this matter was originally before the Court. And now, you're indicating that that concern has continued. Correct?

*Mr. Smith*: Yes.

Smith observed that the Frowners had failed to file a response to his motion to change custody. The Frowners' counsel indicated that no response had been filed "to save costs for my client[s] . . . ." On behalf of the Frowners, the attorney requested attorney fees.

Smith argued that the child's school reports demonstrated that the child was not doing well, and provided the court with "progress reports and his grades from January to June of this year, 2011." The court entertained a brief discussion between the parties concerning the child's education. Smith then asserted that as "third parties," the Frowners lacked standing. The circuit court interposed:

*The Court*: . . . Sir, that's in a regional [sic] custody dispute. It's not, has no bearing on the situation now. The

child is already in an established custodial environment with the Frowners and you have parenting time, pursuant to the last Court order.

*Mr. Smith*: Well --

*The Court*: ... That's the law in Michigan. And you should consult with a lawyer if you think it's anything different than that. Trust me, I'm well versed in it.

*Mr. Smith*: I believe you, your Honor. And I respect that.

*The Court*: If I find that there's a proper cause or a change in circumstance to entertain a change in the established custodial environment, I would agree that that then becomes the burden of proof. It's not the burden now.

It's your burden, by clear and convincing evidence, to show me there's a proper cause or change in circumstance. Okay? Do you have anything else to add, sir?

Smith explained that he and the child had formed a bond, and that the boy had also bonded with Smith's older son. Smith pointed out that the child had his own room in Smith's West Bloomfield home and that the West Bloomfield school system "is rated very high." He continued:

I have a job. I'm educated. I'm a manager at a major corporation. I'm married to my wife, Leslie. We're very strong in the community. We're positive. And I really believe that if the Court grants me sole legal and physical custody, I'm going to be a great father for my son[.]

The circuit court then announced its decision:

*The Court*: Okay. Thank you. As indicated, the basis of Mr. Smith's motion was that there is a change in circumstance and that he has now developed a strong relationship with his son and that the child is failing in school.

The Court was aware of Mr., [sic] of the minor child's issues in school. That was an issue in the original custody disposition. And despite that, the parties entered into an

agreement on August 13th of 2008, for joint legal custody and primary residence with the maternal grandparents.

Sir, pursuant to [*Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003)], you must demonstrate something other than normal life changes, both good or bad, occurring in the child's life for there to be a proper cause or a change in circumstance.

It would obviously have been assumed that the more time you spent with your son, you were going to have a better and closer bonding relationship with him pursuant to the order of August 13th of 2008. That, in and of itself, would not cause a proper cause or a change in circumstance to even consider the issue of custody at this time.

And the issue of his school grades, which would be significant to this Court, I frankly have conflicting testimony. I have grades through January of '11 indicating he's an all A student, except for a difficulty in math, which is a dramatic improvement over what his grades used to be.

You, obviously, have presented me some information from January to June that he went from an all A situation to some C's and D's in his subjects, which are concerning. However, the Frowners have responded by indicating that they continue your son in educational pursuits and have had him consistently in additional educational classes since June of 2008 and you yourself have not been participating in the cost or help with that.

For those reasons, sir, I am denying your motion. I am not finding a proper cause or a change in circumstance at this time.

## II. ANALYSIS

We employ three different standards when reviewing a trial court's decision in a child-custody dispute. We review the trial court's findings of fact to determine if they are against the great weight of the evidence, we review discretionary decisions for an abuse of discretion, and we review questions of law for clear error.

*Fletcher v Fletcher*, 447 Mich 871, 876-877; 526 NW2d 889 (1994). A clear legal error occurs when the trial court "incorrectly chooses, interprets, or applies the law . . . ." *Id.* at 881.

The circuit court clearly erred by imposing on Smith the threshold burden of proving that proper cause or changed circumstances justified a custody hearing. A natural parent possesses a fundamental interest in the companionship, custody, care, and management of his or her child, an element of liberty protected by the due process provisions in the Fourteenth Amendment of the United States Constitution and article 1, § 17, of the Michigan Constitution. *In re Rood*, 483 Mich 73, 91-92; 763 NW2d 587 (2009) (opinion by CORRIGAN, J.). The United States Supreme Court strongly reaffirmed the constitutional rights of parents in *Troxel v Granville*, 530 US 57, 65; 120 S Ct 2054; 147 L Ed 2d 49 (2000), invalidating a Washington statute permitting a court to order grandparent visitation despite parental opposition. The Supreme Court explained that the Washington statute "directly contravened the traditional presumption that a fit parent will act in the best interest of his or her child." *Id.* at 69. The preeminence of a parent's precious right to raise his or her child is so firmly rooted in our jurisprudence that it needs no further explication.

In enacting the Child Custody Act, MCL 722.21 *et seq.*, our Legislature recognized that a parent's right to custody rests on a constitutional foundation. The parental presumption in MCL 722.25(1) codifies the fundamental tenet that, in a custody disagreement between a fit parent and a third party, the fit parent has the advantage:

> If a child custody dispute is between the parents, between agencies, or between third persons, the best interests of the child control. If the child custody dispute is

between the parent or parents and an agency or a third person, the court shall presume that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence.

In this case we confront the apparent conflict between the parental presumption of MCL 722.25(1) and MCL 722.27(1)(c), which provides for modification of a custodial arrangement only upon a showing of proper cause or change of circumstances.[2]

This Court first acknowledged the tension between MCL 722.25(1) and MCL 722.27(1)(c) in *Heltzel v Heltzel*, 248 Mich App 1, 26-27; 638 NW2d 123 (2001). In that case, a mother sought to regain custody of her child whom she had previously placed in her parents' care. In *Heltzel*, as here, the biological parent had stipulated for the entry of an order in favor of the grandparents' custody. *Id.* at 4-5.

---

[2] MCL 722.27 provides, in relevant part:

(1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:

*   *   *

(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age and, subject to [MCL 552.605b] until the child reaches 19 years and 6 months of age. The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

Unlike in this case, the circuit court in *Heltzel* afforded the parent an evidentiary hearing concerning the child's best interests. *Id.* at 7. In reviewing the evidence produced at the hearing, the circuit court placed on the mother the burden of proving that a change of custody would serve the child's best interests. *Id.* at 13.

This Court reversed, holding that when a "fit natural mother" seeks a change of custody "from an established custodial environment with third persons," the application of a presumption in favor of the custodial environment with the third persons constitutes clear legal error. *Id.* at 23. The *Heltzel* Court specifically addressed the situation presented here:

> We do not believe, however, that the Legislature intended that in every custody dispute between a noncustodial natural parent and a third-person custodian, the third-person custodian could eliminate the fundamental constitutional presumption favoring custody with the natural parent, and thus arrive on equal footing with the parent with respect to their claim of custody to the parent's child, merely by showing that the child had an established custodial environment in the third person's custody. This interpretation . . . fails to take into proper account the parents' fundamental due process liberty interest in childrearing. [*Id.* at 26-27.]

In *Hunter v Hunter*, 484 Mich 247, 263; 771 NW2d 694 (2009), the Supreme Court reaffirmed *Heltzel*'s central holding: "In *Heltzel*, our Court of Appeals recognized *Troxel*'s mandate: In order to protect a fit natural parent's fundamental constitutional rights, the parental presumption in MCL 722.25(1) must control over the presumption in favor of an established custodial environment in MCL 722.27(1)(c)." Further, in *Hunter*, 484 Mich at 260, quoting *Heltzel*, 248 Mich App at 27, the Supreme Court adopted the manner in which *Heltzel* resolved the "interplay" of the two presumptions:

"[C]ustody of a child should be awarded to a third-party custodian instead of the child's natural parent only when the third person proves that all relevant factors, including the existence of an established custodial environment and all legislatively mandated best interest concerns within [MCL 722.23], taken together clearly and convincingly demonstrate that the child's best interests require placement with the third person."

"Only when such a clear and convincing showing is made should a trial court infringe the parent's fundamental constitutional rights by awarding custody of the parent's child to a third person." *Heltzel*, 248 Mich App at 27-28.

The purpose of the proper-cause or change-of-circumstances requirement is "to 'erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders.' " *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003), quoting *Heid v AAASulewski (After Remand)*, 209 Mich App 587, 593-594; 532 NW2d 205 (1995). But *Heltzel* and *Hunter* instruct that a court may not interpose a presumption in favor of a child's established custodial environment as an obstacle to parental custody. Rather, due regard for Smith's parental rights requires that the circuit court presume him to be the proper caretaker of his child. Enforcing this presumption requires that any opposing presumption, shielding the child from a custodial change absent a showing of proper cause or changed circumstances, must yield. Thus, the circuit court clearly erred by applying MCL 722.27(1)(c) in this case.[3]

---

[3] Accordingly, the circuit court misplaced its reliance on *Vodvarka*. Conditioning an evidentiary hearing on a natural parent's ability to prove proper cause or changed circumstances effectively closes the courthouse doors whenever a child thrives in the care of a third party. Taken to its logical conclusion, as long as the status quo is generally

Nor does our jurisprudence countenance the notion that Smith relinquished his fundamental liberty interest in raising his child by stipulating to the order granting custody to the Frowners. This Court has emphatically stated that a parent who voluntarily and temporarily relinquishes custody to foster his or her child's best interests should not suffer a penalty for this election. *Speers v Speers*, 108 Mich App 543, 547; 310 NW2d 455 (1981). Indeed, "[w]e encourage such a practice . . . ." *Theroux v Doerr*, 137 Mich App 147, 150; 357 NW2d 327 (1984). Smith is no less fit to parent because he elected to permit the Frowners to have "primary custody" of the child for a time, during which Smith enjoyed an opportunity to gradually bond with his son. We decline to penalize Smith for stipulating to Davion's custody with the Frowners shortly after the child's mother died.

"We recognize the long-established rule that the best interest of the child is of paramount importance[.]" *Liebert v Derse*, 309 Mich 495, 500; 15 NW2d 720 (1944). Nevertheless, as the Supreme Court emphasized in *Liebert*, "we have never interpreted such rule so as to deprive a parent of the custody of his or her child, unless it was shown that the parent was an unsuitable person to have such custody." *Id*. *Heltzel* and *Hunter* instruct that the presumption in favor of Smith's care and custody of his son protects his right to seek the child's custody despite Davion's established custodial environment with the Frowners. Smith bears no evidentiary burden prerequisite to opening the courtroom doors. As stated by our Supreme Court in *Hunter*, "when these presumptions conflict, the presumption in MCL 722.27(1)(c) must yield to the presumption in

maintained in the Frowners' home, the circuit court's ruling precludes Smith from ever obtaining custody of his son.

MCL 722.25(1)." *Hunter*, 484 Mich at 264. Because Smith's ability to pursue custody of his child is essential to his constitutional right to parent, the circuit court erred by conditioning Smith's right to enter the pursuit on his establishment of proper cause or a change in circumstances.

Accordingly, we remand to the circuit court for a best-interests hearing to be commenced within 28 days of the issuance of this opinion. The circuit court may award Davion's continuing custody to the Frowners only if it determines that the Frowners have established by clear and convincing evidence that it is not in Davion's best interests under the factors specified in MCL 722.23 for Smith to have custody. To make this showing, the Frowners must prove that " *'all* relevant factors, including the existence of an established custodial environment and all legislatively mandated best interest concerns within [MCL 722.23], taken together clearly and convincingly demonstrate that the child's best interests require' " Davion's placement with them rather than Smith. *Hunter*, 484 Mich at 279 (emphasis added; citation omitted).

Reversed and remanded for proceedings consistent with this opinion. We vacate the order awarding attorney fees to the Frowners, and decline to assess costs against either party. We do not retain jurisdiction.

BORRELLO, P.J., and BECKERING, J., concurred with GLEICHER, J.