*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZJHILA HILL,

        Plaintiff-Appellant,

v

JERVONE JOHNSON,

        Defendant-Appellee.

UNPUBLISHED
February 25, 2025
9:58 AM

No. 369852
Wayne Circuit Court
Family Division
LC No. 23-164675-DP

Before: MARIANI, P.J., and RIORDAN and FEENEY, JJ.

FEENEY, J. *(concurring in part and dissenting in part)*

I agree with the majority that the trial court erred by refusing to return the child to plaintiff-mother, but I do so on the basis of the well-established presumption in favor of a fit natural parent's fundamental constitutional right to parent his or her child, pursuant to MCL 722.25(1); that this presumption controls over the presumption in favor of an established custodial environment with a third-party, pursuant to MCL 722.27(1)(c); and the policy in Michigan that a parent who voluntarily and temporarily relinquishes custody of the child should not suffer a penalty for this choice. See *Frowner v Smith*, 296 Mich App 374, 381-386; 820 NW2d 235 (2012); *Heltzel v Heltzel*, 248 Mich App 1, 26-27; 638 NW2d 123 (2001). Notably, in both *Frowner* and *Heltzel*, the biological parent stipulated to entry of an order placing the child in the custody of the child's grandparents. *Frowner*, 296 Mich App at 376; *Heltzel*, 248 Mich App at 4-5. Conversely, in this case, defendant is a legal stranger to the child, and no custody order exists. Yet these cases, as well as *Hunter v Hunter*, 484 Mich 247, 263; 771 NW2d 694 (2009),[1] make it crystal clear that the trial court's decision to leave the child with defendant in this case violated plaintiff's constitutional rights. Therefore, the trial court's order must be vacated forthwith and the child returned immediately.

---

[1] The plaintiffs in *Hunter* were the children's aunt and uncle who obtained full guardianship of the defendants' children when the defendants were struggling with substance abuse. *Hunter*, 484 Mich at 252.

In *Frowner*, 296 Mich App at 381-382 (emphasis added), this Court summarized the law on this topic as follows:

A natural parent possesses a fundamental interest in the companionship, custody, care, and management of his or her child, an element of liberty protected by the due process provisions in the Fourteenth Amendment of the United States Constitution and article 1, § 17, of the Michigan Constitution. *In re Rood,* [483 Mich 73, 91–92; 763 NW2d 587] (2009) (opinion by CORRIGAN, J.). The United States Supreme Court strongly reaffirmed the constitutional rights of parents in *Troxel v Granville,* [530 US 57, 65; 120 S Ct 2054; 147 LEd2d 49] (2000), invalidating a Washington statute permitting a court to order grandparent visitation despite parental opposition. The Supreme Court explained that the Washington statute "directly contravened the traditional presumption that a fit parent will act in the best interest of his or her child." *Id.* at 69. *The preeminence of a parents precious right to raise his or her child is so firmly rooted in our jurisprudence that it needs no further explication.*

In enacting the Child Custody Act, MCL 722.21 *et seq.,* our Legislature recognized that a parent's right to custody rests on a constitutional foundation. The parental presumption in MCL 722.25(1) codifies the fundamental tenet that, in a custody disagreement between a fit parent and a third party, the fit parent has the advantage:

If a child custody dispute is between the parents, between agencies, or between third persons, the best interests of the child control. If the child custody dispute is between the parent or parents and an agency or a third person, *the court shall presume that the best interests of the child are served by awarding custody to the parent or parents*, unless the contrary is established by clear and convincing evidence.

* * *

This Court first acknowledged the tension between MCL 722.25(1) and MCL 722.27(1)(c) in [*Heltzel*, 248 Mich App at 26-27]. In that case, a mother sought to regain custody of her child whom she had previously placed in her parents' care. In *Heltzel*, as here, the biological parent had stipulated for the entry of an order in favor of the grandparents' custody. *Id.* at 4–5 . . . . Unlike in this case, the circuit court in *Heltzel* afforded the parent an evidentiary hearing concerning the child's best interests. *Id.* at 7 . . . . In reviewing the evidence produced at the hearing, the circuit court placed on the mother the burden of proving that a change of custody would serve the child's best interests. *Id.* at 13 . . . .

This Court reversed, holding that when a "fit natural mother" seeks a change of custody "from an established custodial environment with third persons," the application of a presumption in favor of the custodial environment with the third

persons constitutes clear legal error. *Id.* at 23 . . . . The *Heltzel* Court specifically addressed the situation presented here:

> We do not believe, however, that the Legislature intended that in every custody dispute between a noncustodial natural parent and a third-person custodian, the third-person custodian could eliminate the fundamental constitutional presumption favoring custody with the natural parent, and thus arrive on equal footing with the parent with respect to their claim of custody to the parent's child, merely by showing that the child had an established custodial environment in the third person's custody. This interpretation . . . fails to take into proper account the parents' fundamental due process liberty interest in childrearing. [*Id.* at 26–27 . . . .]

In [*Hunter,* 484 Mich at 263], the Supreme Court reaffirmed *Heltzel*'s central holding: "In *Heltzel,* our Court of Appeals recognized *Troxel*'s mandate: In order to protect a fit natural parent's fundamental constitutional rights, the parental presumption in MCL 722.25(1) must control over the presumption in favor of an established custodial environment in MCL 722.27(1)(c)." Further, in *Hunter*, [484 Mich at 260], quoting *Heltzel*, [248 Mich App at 27], the Supreme Court adopted the manner in which *Heltzel* resolved the "interplay" of the two presumptions:

> "[C]ustody of a child should be awarded to a third-party custodian instead of the child's natural parent only when the third person proves that all relevant factors, including the existence of an established custodial environment and all legislatively mandated best interest concerns within [MCL 722.23], taken together clearly and convincingly demonstrate that the child's best interests require placement with the third person."

"Only when such a clear and convincing showing is made should a trial court infringe the parent's fundamental constitutional rights by awarding custody of the parent's child to a third person." *Heltzel*, [248 Mich App at 27–28]. [*Frowner*, 296 Mich App at 382-384.]

\* \* \*

But *Heltzel* and *Hunter* instruct that a court may not interpose a presumption in favor of a child's established custodial environment as an obstacle to parental custody. Rather, due regard for Smith's parental rights requires that the circuit court presume him to be the proper caretaker of his child. Enforcing this presumption requires that any opposing presumption, shielding the child from a custodial change absent a showing of proper cause or changed circumstances, must yield. Thus, the circuit court clearly erred by applying MCL 722.27(1)(c) in this case.

Nor does our jurisprudence countenance the notion that Smith relinquished his fundamental liberty interest in raising his child by stipulating to the order granting custody to the Frowners. *This Court has emphatically stated that a parent who voluntarily and temporarily relinquishes custody to foster his or her child's best interests should not suffer a penalty for this election. Speers v. Speers,* [108 Mich App 543, 547; 310 NW2d 455] (1981). Indeed, "[w]e encourage such a practice . . . ." *Theroux v Doerr,* [137 Mich App 147, 150; 357 NW2d 327] (1984). [*Frowner*, 296 Mich App at 384-385 (emphasis added).]

* * *

As stated by our Supreme Court in *Hunter*, "when these presumptions conflict, the presumption in MCL 722.27(1)(c) must yield to the presumption in MCL 722.25(1)." *Hunter,* [484 Mich at 264]. Because Smith's ability to pursue custody of his child is essential to his constitutional right to parent, the circuit court erred by conditioning Smith's right to enter the pursuit on his establishment of proper cause or a change in circumstances. [*Frowner*, 296 Mich App at 385-386.]

Notably, in *Theroux*, 137 Mich App at 148, the mother obtained physical and legal custody of the children, but when she was accepted into a nine-month master's degree program, she and the father agreed that he would, during that nine-month program, have physical custody of the children. This Court recognized that it was necessary to encourage the practice of voluntarily relinquishing custody to protect the children's best interests; "otherwise a mother would be reluctant to relinquish custody if she knew that, once it passed to the father, it could not be regained." *Id*. at 150. In reversing the trial court, this Court gave effect to the parties' stipulation "as we desire to encourage the practice [mother] utilized of voluntarily and temporarily relinquishing custody of her children to protect their best interests." *Id.* at 151.

The case at bar is factually distinct from all these cases; whereas each case involved an earlier agreed-to change of custody or guardianship regarding the minor child, there is no stipulation, agreement or order in this case. Those custody agreements gave the guardian or nonbiological parent caregiver standing to challenge the child or children's removal from their home. Here, defendant has no standing, and allowing the child to stay with defendant while the trial court asked him to complete DNA testing improperly elevated the desirability of maintaining continuity over plaintiff's constitutional right to parent. See *Speers*, 108 Mich App at 547. Accordingly, like this Court in *Theroux*, 137 Mich App at 151, I would: (1) reverse the trial court's erroneous decision to leave the child with a man who has not, in the year that this case has been pending or during the life of this child, established his legal parentage of the child; and (2) immediately "reinvest the mother with legal and physical custody" of the child.

While the majority has decided to remand this case to conduct the required hearing within 28 days, I would remind the trial court of our Supreme Court's conclusion in *Hunter*, 484 Mich at 265-266, that "(1) the parental presumption in MCL 722.15(1) prevails over the presumption in favor of an established custodial environment in MCL 722.27(1)(c) and that (2) the parental presumption can be rebutted only by clear and convincing evidence that custody with the natural

parent is not in the best interests of the child . . . ." This is the analysis that should have been done, but was not, in February 2024.

/s/ Kathleen A. Feeney