*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZJHILA HILL,

        Plaintiff-Appellant,

v

JERVONE JOHNSON,

        Defendant-Appellee.

UNPUBLISHED
February 25, 2025
9:58 AM

No. 369852
Wayne Circuit Court
Family Division
LC No. 23-164675-DP

Before: MARIANI, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

In this custody matter, plaintiff appeals by leave granted[1] the trial court's order denying plaintiff's ex parte motion for the return of her minor child, JH. We reverse.

## I. BACKGROUND

This case arises out of the trial court's denial of an emergency ex parte motion requesting that defendant return JH to plaintiff. JH is plaintiff's minor son, and defendant is one of two putative fathers. Defendant was not listed on the birth certificate, did not sign an affidavit of parentage, and has not participated in genetic paternity testing.

In November 2023, plaintiff asked defendant to temporarily care for JH because her housing was unstable. According to plaintiff, around December 2023 or January 2024, she asked defendant to return JH because she had since obtained housing with her best friend, so housing was no longer a concern. Defendant refused, did not allow plaintiff to see or speak with JH, refused to provide his current address, and blocked plaintiff's phone number. According to defendant, he had tried repeatedly to return JH during that time, but plaintiff had refused to take JH back.

---

[1] See *Hill v Johnson*, unpublished order of the Court of Appeals, entered July 29, 2024 (Docket No. 369852).

-1-

In February 2024, plaintiff filed an emergency ex parte motion for the immediate return of JH, arguing that because paternity was not established, defendant had no legal rights to JH, and requesting an order for JH's immediate return. After briefly receiving testimony from the parties, the trial court denied plaintiff's motion, initially ordering that plaintiff receive parenting time in the form of a video call. After plaintiff's counsel, however, questioned the court for awarding defendant, a third party who had no legal rights to JH, custody without a best-interests evaluation, the court reversed course and simply denied the motion without parenting time. This appeal followed.

## II. ANALYSIS

Plaintiff argues the trial court erred by denying her motion to return JH without a clear and convincing showing that it was in JH's best interests to remain placed with defendant, a third party. We agree.

We review questions of law, including a trial court's interpretation and application of statutes, de novo. *Barretta v Zhitkov*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 364921); slip op at 5. In a child-custody dispute, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. "A clear legal error occurs when the circuit court incorrectly chooses, interprets, or applies the law." *Kubicki v Sharpe*, 306 Mich App 525, 538; 858 NW2d 57 (2014) (quotation marks, citation, and ellipsis omitted).

"The Child Custody Act (CCA), MCL 722.21 *et seq.*, governs custody, parenting time, and child support issues for minor children in Michigan, and it is the exclusive means of pursuing child custody rights." *Barretta*, ___ Mich App at ___; slip op at 6 (quotation marks and citation omitted). This statutory scheme recognizes that "[a] natural parent possesses a fundamental interest in the companionship, custody, care, and management of his or her child" and that his or her "right to custody" necessarily "rests on a constitutional foundation." *Frowner v Smith*, 296 Mich App 374, 381; 820 NW2d 235 (2012). Under the CCA, a "parent" is defined as "the natural or adoptive parent of a child." MCL 722.22(i). "[A]n individual other than a parent" is considered a "third person." MCL 722.22(k). The term "natural parent" is not statutorily defined, but "we have previously interpreted the term to mean a blood relation." *LeFever v Matthews*, 336 Mich App 651, 663; 971 NW2d 672 (2021). "The CCA must be read in context not only with judicial decisions interpreting it but also within the broad statutory framework of family law." *Pueblo v Haas*, 511 Mich 345, 357; 999 NW2d 433 (2023). This includes the Paternity Act, MCL 722.711 *et seq.*, and the Acknowledgement of Parentage Act (APA), MCL 722.1001 *et seq.*, both of which provide a means of establishing paternity for a child born out of wedlock. *Id.* at 358; *Aichele v Hodge*, 259 Mich App 146, 153; 673 NW2d 452 (2003).

Under the APA, "[i]f a child is born out of wedlock, a man is considered to be the natural father of that child if the man joins with the mother of the child and acknowledges that child as his child by completing a form that is an acknowledgment of parentage." MCL 722.1003(1). Absent an acknowledgement of parentage, a putative father has no right to custody of the child under the APA. See MCL 722.1004 ("An acknowledgment signed under this act establishes paternity, and the acknowledgment may be the basis for court ordered child support, custody, or parenting time

-2-

without further adjudication under the paternity act[.]"). The Paternity Act provides that paternity may be established by the parties' "consent to an order naming the man as the child's father" or, if the parties do not consent, by genetic testing (court-ordered or otherwise). MCL 722.714(9) and (10). Upon making a paternity determination under the Paternity Act, the trial court "may enter an order of filiation" establishing paternity. MCL 722.714(14).

In light of the above, we conclude that defendant is not the "natural father" of JH, and instead, is a "third person" under the CCA. As plaintiff points out, defendant has not established paternity of JH under either of the above statutes. See, e.g., *Pecoraro v Rostagno-Wallat*, 291 Mich App 303, 314; 805 NW2d 226 (2011) ("Whether the putative father would be considered a natural or biological parent under the [CCA] is irrelevant unless he can first establish paternity under Michigan's Paternity Act."). Defendant testified that he did not sign an affidavit of parentage, which is required to establish paternity under the APA. See MCL 722.1004. Further, the court and the parties acknowledged at the hearing that genetic testing had not been completed, and according to plaintiff's brief on appeal,[2] no testing has been conducted since. See MCL 722.714(9) and (10). Nor did the parties consent to an order naming defendant as JH's father. See MCL 722.714(9). A review of the lower court's register of actions also reveals that no orders of filiation or judgment of paternity have been entered. See MCL 722.714(14). Indeed, it appears the case has languished since the trial court abruptly changed course and denied plaintiff's request to retrieve her young child.

In a dispute between a parent and a third party, the CCA creates a statutory presumption that custody with the parent is in the child's best interests as described in MCL 722.23. See MCL 722.25(1); *Howard v Howard*, 310 Mich App 488, 494-497; 871 NW2d 739 (2015). This remains true even if the child had been living with the third party. *Howard*, 310 Mich App at 495 ("[T]he presumption in favor of an established custodial environment set forth in MCL 722.27(1)(c) yields to the parental presumption set forth in MCL 722.25(1)."). This presumption may be overcome only if it "is established by clear and convincing evidence" that custody with the third party, rather than the parent, is in the child's best interests. MCL 722.25(1); see also *Howard*, 310 Mich App at 496-497. In other words, "once a natural parent initiates a custody dispute with a third-party custodian, the third party . . . must . . . present evidence in support of that party's claim that the child's best interests are served by the continued placement of the child with that third party instead of the natural parent." *Howard*, 310 Mich App at 496-497. "Custody of a child should be awarded to a third-party custodian instead of the child's natural parent only when the third person proves that all relevant factors, including the existence of an established custodial environment and all legislatively mandated best interest concerns within MCL 722.23, taken together clearly and convincingly demonstrate that the child's best interests require placement with the third person." *Id*. at 496 (quotation marks, citation, and alterations omitted). In addition, this Court has repeatedly recognized that "Michigan has an important public policy favoring the return of children to custodial parents who have temporarily transferred custody in order to meet those children's needs," *Stoudemire v Thomas*, 344 Mich App 34, 48-49; 999 NW2d 43 (2022) (collecting cases), and "a parent who voluntarily and temporarily relinquishes custody to foster his or her child's best

---

[2] Defendant has not filed a brief on appeal, nor did he file a response to plaintiff's application for leave to appeal.

interests should not suffer a penalty for [such an] election," *Frowner*, 296 Mich App at 385 (citation omitted). See also *id.* (confirming that "[i]ndeed, we encourage such a practice") (quotation marks, citation, and alterations omitted).

Here, the trial court recognized that defendant had not established paternity. The court also explicitly acknowledged that it had not conducted an evaluation of the best-interests factors, but nonetheless denied plaintiff's motion to return JH.[3] When asked about defendant's lack of a legal status as JH's father, the court responded, "Well [plaintiff] felt good enough to take him over there." Furthermore, the court did not allow plaintiff any parenting time, despite initially recognizing that plaintiff "need[ed] to see the child" and stating that it "ha[d] no problem with her seeing him." The extent of the court's reasoning for denying the motion was that it seemed to find plaintiff untrustworthy, it was not satisfied it would be putting JH "in a better situation given mom's instability," and it was not satisfied it was in JH's best interests to return him to plaintiff.

The trial court could award defendant ongoing custody of JH over plaintiff only if defendant "prove[d] that all relevant factors, including the existence of an established custodial environment and all legislatively mandated best interest concerns within MCL 722.23, taken together clearly and convincingly demonstrate[d] that the child's best interests require placement with" defendant rather than plaintiff. *Howard*, 310 Mich App at 496 (quotation marks, citation, and alterations omitted). And in performing that analysis, the court was required to bear in mind Michigan's "important public policy favoring the return of children to custodial parents who have temporarily transferred custody in order to meet those children's needs." *Stoudemire*, 344 Mich App at 48-49; see also, e.g., *Frowner*, 296 Mich App at 385. Not only did the trial court wholly fail to conduct such an evaluation, its determination was otherwise unsupported by the slim testimony at the hearing. In fact, defendant did not contest the return of JH to plaintiff, had no concerns about returning JH to plaintiff so long as plaintiff had "a place where [JH] can lay his head," and indicated that he could return JH to plaintiff that day if necessary. And plaintiff, for her part, testified she had a place to stay with her best friend, including a shared room for JH. Given the foregoing, we conclude the trial court committed clear legal error by failing to apply the parental presumption or otherwise make a best-interests determination as required by MCL 722.25(1) before ordering that JH remain placed with defendant.[4]

Reversed and remanded for further proceedings consistent with this opinion. To the extent JH currently remains in the custody of defendant (as appears to be the case), a best-interests hearing must be held as soon as possible, and no later than 28 days from the issuance of this opinion, to

---

[3] When plaintiff's counsel pointed out that the court had "essentially made either a custody or parenting time decision even if it's temporary without going through any of the factors," the trial court interrupted, stating: "Well then, okay, you're right, then the motion is denied. I won't make any decision. There won't be any parenting time then. You're right, counsel, I have not gone through the 12 best interest factors. You're right, the motion is denied, okay."

[4] Given our disposition of this issue, we need not reach plaintiff's additional claim that the trial court's legal errors violated her constitutional rights to due process.

determine whether continued custody with defendant is warranted under the proper legal standards as discussed above.  We retain jurisdiction.

/s/ Philip P. Mariani
/s/ Michael J. Riordan

## Court of Appeals, State of Michigan
# ORDER

ZJHILA HILL V JERVONE JOHNSON

Docket No.    369852

LC No.        23-164675-DP

Philip P. Mariani
Presiding Judge

Michael J. Riordan

Kathleen A. Feeney
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence as soon as possible and shall be given priority on remand until they are concluded. As stated in the accompanying opinion, to the extent the minor child, JH, currently remains in defendant's custody, a best-interests hearing to determine whether continued custody with defendant is warranted shall be held as soon as possible, and no later than 28 days from the date of this order and accompanying opinion. The proceedings on remand, including the issuance of all rulings and orders, shall be completed and concluded as soon as possible, and no later than 35 days from the date of this order and accompanying opinion.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Presiding Judge

Feeney, J., would order the immediate return of the child to plaintiff but concurs with the retention of jurisdiction and the timing set forth in the order to resolve the hearing and have the matter returned to the Court of Appeals.



A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

February 25, 2025
Date

Chief Clerk