*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRADLEY ALLEN HUTSON,

        Plaintiff-Appellee,

v

MASHELE ARNDT,

        Defendant-Appellant.

UNPUBLISHED
May 29, 2025
2:17 PM

No. 372381
Kent Circuit Court
LC No. 19-006232-DP

Before: PATEL, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

In this custody matter, defendant appeals by right the trial court's order granting plaintiff's request for joint legal and physical custody and unsupervised parenting time. We vacate and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff and the children's incapacitated mother, EH, share two biological children. Plaintiff and EH married in April 2014. The marriage was annulled five months later because EH was a minor at the time of the marriage. The minor children were born after the annulment. Plaintiff did not sign an affidavit of parentage for either child, but was listed on both birth certificates.

On July 4, 2019, EH was in a rollover car accident, leaving her in a coma for several months.[1] At the time of the accident, EH and the minor children had been living with defendant—EH's mother—since at least May 2019. Defendant was appointed temporary guardian of EH on July 17, 2019.

---

[1] Although EH has significantly recovered, she requires 24-hour care and ambulates in a wheelchair. EH's parental rights to the children remain intact despite her incapacitation.

On July 19, 2019, plaintiff initiated this paternity action, naming defendant as the temporary legal guardian of EH.[2] On August 2, 2019, the trial court ordered temporary placement of the children with defendant. On August 9, 2019, defendant moved for child support and primary physical custody of the children as a third party or as the representative of the children's mother. Alternatively, she requested that the court grant her reasonable and liberal parenting time despite her lack of standing as a third party. On August 16, 2019, the trial court adjudged plaintiff to be the children's legal and biological father.[3] The court ordered that the children be temporarily placed in defendant's care pending determination of plaintiff's fitness, and granted plaintiff supervised, nonovernight parenting time.

Plaintiff moved to cancel the fitness hearing, arguing it was unnecessary because defendant was a third party. Relying on the parental presumption in MCL 722.25(1) and *Hunter v Hunter*, 484 Mich 247; 771 NW2d 694 (2009), plaintiff maintained that defendant was required to establish by clear and convincing evidence under each of the statutory factors that it was not in the children's best interests for plaintiff—their natural parent—to have custody, regardless of whether there was an established custodial environment with defendant. Plaintiff requested that the children be returned to his care pending a best-interest evidentiary hearing. In response, defendant acknowledged that the parental-presumption doctrine was applicable, but asserted that clear and convincing evidence established that it was in the children's best interests to award custody of the children to her as a third party even if she otherwise lacked statutory standing. The trial court ordered that the children remain with defendant, as a third party, pending a custody determination and that plaintiff's parenting time remain supervised until further order of the court.

The trial court conducted a six-day evidentiary hearing that involved approximately 30 hours of testimony from 19 witnesses and both parties. Additionally, the parties submitted trial briefs, numerous exhibits, and written closing arguments.[4] On August 7, 2020, the trial court issued a detailed opinion and order. The trial court agreed that the parental-presumption doctrine was applicable and thus defendant had the burden to establish by clear and convincing evidence that it was not in the children's best interests, under the factors specified in MCL 722.23, for the parent to have custody. However, the trial court rejected plaintiff's argument that defendant had "the burden of establishing by clear and convincing evidence as to each and every one of the child custody factors . . . " Relying on this Court's decisions in *Howard v Howard*, 310 Mich App 488, 496; 871 NW2d 739 (2015) and *Heltzel v Heltzel*, 248 Mich App 1, 28; 638 NW2d 123 (2001), the trial court concluded that it was not required "to award custody to the natural parent if the third

---

[2] Following service of the complaint in this matter, defendant petitioned for temporary guardianship of the minor children in two separate probate matters. The probate court denied the petitions, concluding that defendant failed to meet the statutory criteria (i.e., EH was neither dead nor missing).

[3] Genetic testing revealed a 99.9% probability that plaintiff was the biological father of the children.

[4] Defendant did not dispute her status as a third party or that the parental-presumption was applicable. Rather, she asserted that clear and convincing evidence established that it was in the children's best interests to award custody of the children to her as a third party.

party was to fail on any one factor . . . ." Rather, the trial court held defendant had the burden to prove by clear and convincing evidence that all relevant factors, including the existence of an established custodial environment and the statutory best-interest factors, *taken together* demonstrate that placing the children with defendant, a third party, was in their best interests.

The trial court determined that defendant met her first burden of demonstrating by clear and convincing evidence that there was an established custodial environment with defendant. The trial court then analyzed each best-interest factor in MCL 722.23 and found that factors (b), (d), (e), (f), (g), (h), (j), and (k) favored defendant; factors (a) and (c) favored neither party; and factor (i) was not applicable because the children were too young to express a preference. Under factor (*l*), the court noted that all testimony and evidence were weighed. Giving weight to the presumption favoring plaintiff as the preferred custodian of the children, the trial court concluded that defendant had established by clear and convincing evidence that awarding her physical custody was in the best interests of the children. The trial court also awarded defendant sole legal custody of the children. Plaintiff's supervised parenting remained consistent with the parties' May 1, 2020 stipulated parenting-time schedule.[5] On September 4, 2020, the trial court entered a custody and parenting-time order consistent with its opinion. Neither party appealed this order.

In April 2023, plaintiff moved for a change in custody and parenting time, requesting joint legal and physical custody of the children and overnight, unsupervised parenting time every weekend. Plaintiff argued that he met the threshold burden of proving that proper cause or changed circumstances justified a custody hearing, that the proposed change would not modify the established custodial environment, and that the proposed change was in the children's best interests by a preponderance of the evidence. In response, defendant argued that plaintiff had not demonstrated proper cause or changed circumstances for a change in legal custody and plaintiff was unfit to exercise unsupervised parenting time. The trial court concluded, without oral argument, that plaintiff had met the threshold and scheduled the matter for an evidentiary hearing.

On May 15, 2023 and May 31, 2023, the trial court held an evidentiary hearing. The trial court heard testimony from plaintiff's therapist, a Children's Protective Services investigator, and both parties. At the conclusion of the hearing, the trial court issued an opinion and order. The trial court held that the parental presumption negated the threshold requirement that plaintiff establish proper cause or changed circumstances because the custody issue was between a natural parent and a third party. The trial court then analyzed each best-interest factor in MCL 722.23 and found that factors (a), (b), (e), and (h) favored both parties; factor (d) favored defendant; factor (*l*) favored plaintiff; and factors (f), (g), (j), and (k) favored neither party. The trial court failed to make a finding as to which party factor (c) favored. And because the trial court determined that the established custodial environment would not change, it failed to determine the children's

---

[5] Thereafter, disputes continued to arise regarding parenting time and child support and thus the trial court ordered that the issues of parenting time and child support be referred to the Friend of the Court for its evaluation and recommendations. Ultimately, the trial court affirmed the referee's recommended order, which granted plaintiff supervised parenting time with a restructured schedule and included a graduated schedule through which plaintiff could obtain nonovernight, unsupervised parenting time every other weekend.

reasonable preferences. Giving weight to the presumption favoring plaintiff as the preferred custodian of the children, the trial court concluded that the best-interest analysis and established custodial environment did not require sole placement with defendant and awarded plaintiff joint legal and physical custody with unsupervised, overnight parenting time every other weekend.

Defendant moved for reconsideration, asserting, *inter alia*, that she should be afforded parental preference as EH's guardian and thus plaintiff must establish proper cause or change in circumstances to overcome the presumption in favor of the established custodial environment with defendant. Defendant further argued that she discovered new evidence, and that errors existed in the court's best-interest analysis. The trial court denied defendant's motion. Defendant now appeals.

## II. STANDARDS OF REVIEW

In a child-custody dispute, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; see also *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010) (*Pierron II*). As this Court has explained:

> We apply three standards of review in custody cases. The great weight of the evidence standard applies to all findings of fact. A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law.

> * * *

> In child custody cases, [a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. [*Stoudemire v Thomas*, 344 Mich App 34, 42-43; 999 NW2d 43 (2022) (cleaned up).]

## III. DEFENDANT'S STATUS

Defendant argues that, as EH's guardian, she was statutorily required to defend EH's parental interests and thus the trial court clearly erred by determining that defendant was a third-party custodian and applying the parental-presumption doctrine. We disagree.

The Child Custody Act (CCA), MCL 722.21 *et seq*., "governs custody, parenting time, and child support issues for minor children in Michigan, and it is the exclusive means of pursuing child custody rights." *Barretta v Zhitkov*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 364921); slip op at 6 (cleaned up). This statutory scheme recognizes that "[a] natural parent possesses a fundamental interest in the companionship, custody, care, and management of his or her child" and that his or her "right to custody" necessarily "rests on a constitutional foundation."

*Frowner v Smith*, 296 Mich App 374, 381; 820 NW2d 235 (2012). The CCA defines a "parent" as "the natural or adoptive parent of a child." MCL 722.22(i). A "third person" is defined by the CCA as "an individual other than a parent." MCL 722.22(k). A "natural parent" is not defined by the CCA. But this Court has previously interpreted the term "to mean a blood relation." *LeFever v Matthews*, 336 Mich App 651, 663; 971 NW2d 672 (2021). "The CCA must be read in context not only with judicial decisions interpreting it but also within the broad statutory framework of family law." *Pueblo v Haas*, 511 Mich 345, 357; 999 NW2d 433 (2023).

In a dispute between a parent and a third person, the CCA creates a statutory presumption that the best interests of the child[ren] are served by awarding custody to the parent or parents . . . ." MCL 722.25(1). See also *Howard*, 310 Mich App at 494-497. This remains true even if the child had been living with the third party. *Howard*, 310 Mich App at 495. This presumption may be overcome only if it "is established by clear and convincing evidence" that custody with the third party, rather than the parent, is in the child's best interests. MCL 722.25(1). See also *Howard*, 310 Mich App at 496-497.

In this case, it is undisputed that defendant is the guardian for EH, who is a legally incapacitated individual.[6] It is further undisputed that EH's parental rights to the children remain intact. But we cannot overlook the fact that, since at least September 2019, defendant asserted that her status in the custody dispute was as a third party. Additionally, defendant affirmatively acknowledged in multiple trial-court filings that the parental-presumption doctrine was applicable to the custody dispute and argued that clear and convincing evidence established that it was in the children's best interests to award custody of the children to her as a third party. At the 2023 best-interest hearing, defense counsel relied on the trial court's 2020 opinion and order, and asserted that she did not have to establish each and every best-interest factor by clear and convincing evidence; rather, the determination should be made on the basis of the totality of the circumstances. When the trial court sua sponte raised the question whether defendant's status in the case was as a third party or as the guardian of EH, defense counsel candidly admitted that she "did not specifically look at that question and would like an opportunity to do some research on it . . . ."

At the conclusion of the two-day evidentiary hearing, the parties were afforded an opportunity to submit written closing arguments. Plaintiff, once again, advocated that the parental-presumption doctrine applied and that defendant had the burden to establish by clear and convincing evidence on each and every custody factor that it was not in the children's best interests for plaintiff to have custody. But defendant did not address her status in the custody dispute. Instead, she argued that plaintiff had not met his burden of proof. Defendant's April 2024 motion for reconsideration was the first time that defendant argued that her status in this custody dispute was as the guardian of EH, not as a third party, and thus she should be afforded parental preference as EH's guardian.

---

[6] Under the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, a "[l]egally incapacitated individual" is "an individual, other than a minor, for whom a guardian is appointed under this act or an individual, other than a minor, who has been adjudged by a court to be an incapacitated individual." MCL 700.1105(i).

Notwithstanding defendant's position regarding her status as a third-party custodian for more than five years, we find no merit in her argument on appeal. Generally, EH, as the children's biological mother, would have been a proper defendant in plaintiff's paternity action. See MCL 722.714. However, because EH was legally incapacitated, plaintiff commenced the paternity action against defendant as EH's temporary guardian.[7] Once the trial court adjudged plaintiff to be the children's legal and biological father and awarded sole legal and physical custody to defendant, defendant had a right to defend plaintiff's custody dispute and present evidence that the children's best interests were served by the continued placement of the children with defendant instead of plaintiff. See *Howard*, 310 Mich App at 496; *Heltzel*, 248 Mich App at 29-30. But until defendant moved for reconsideration of the trial court's March 2024 order, she argued throughout these proceedings that it was in the children's best interests that *she* have sole legal and physical custody as a third party. Defendant did not argue that that EH should have custody, nor did she argue that she was simply advocating on behalf of EH as her guardian. Although it is undisputed that EH is involved in her children's lives and has significantly recovered, it is also undisputed that EH remains legally incapacitated and under guardianship. Given defendant's status as a third-party custodian and EH's incapacity to exercise custody of the children herself, the trial court's application of the parental-presumption doctrine to plaintiff's request for change in custody did not constitute clear legal error.

## IV. BEST INTERESTS

Defendant further argues that even if she was a third-party custodian, the trial court erred by holding that she had to prevail on each and every MCL 722.23 best-interest factor to meet her clear-and-convincing-evidence burden, by failing to determine the children's reasonable preferences under MCL 722.23(i), and by failing to determine whether the parties could cooperate under MCL 722.26a(1) regarding joint legal custody.[8] We agree.

---

[7] MCR 3.202(A) states that "incompetent persons may sue and be sued as provided in MCR 2.201." Under MCR 2.201(E)(1)(a), "[i]f a . . . incompetent person has a conservator, actions may be brought and must be defended by the conservator on behalf of the . . . incompetent person." The record does not reflect whether defendant was also appointed as a conservator on behalf of EH. MCR 2.201(E)(1)(c) provides, "If a . . . incompetent person does not have a conservator to represent the person as defendant, the action may not proceed until the court appoints a guardian ad litem . . . ." It is undisputed that the court did not appoint a guardian ad litem. However, neither of the parties challenged defendant's standing to defend the paternity claim on behalf of EH as her temporary guardian. Further, defendant's paternity was undisputed. Accordingly, whether defendant was a proper party to the paternity claim is immaterial at this juncture.

[8] Defendant also argues that the trial court's findings regarding the best-interest factors under MCL 722.23(b), (c), (e), (f), (g), (h), (j), and (*l*) were against the great weight of the evidence. We need not reach this question because the trial court's clear legal errors require us to vacate the trial court's order and remand for a new custody hearing. See *Kubicki v Sharpe*, 306 Mich App 525, 545; 858 NW2d 57 (2014).

## A. BURDEN OF PROOF

"[O]nce a natural parent initiates a custody dispute with a third-party custodian, the third party . . . must . . . present evidence in support of that party's claim that the child's best interests are served by the continued placement of the child with that third party instead of the natural parent." *Howard*, 310 Mich App at 496-497. In *Heltzel*, 248 Mich App at 27, this Court held:

> [T]o properly recognize the fundamental constitutional nature of the parental liberty interest while at the same time maintaining the statutory focus on the decisive nature of an involved child's best interests, custody of a child should be awarded to a third-party custodian instead of the child's natural parent only when the third person proves that all relevant factors, including the existence of an established custodial environment and all legislatively mandated best interest concerns within [MCL 722.23], taken together clearly and convincingly demonstrate that the child's best interests require placement with the third person. Only when such a clear and convincing showing is made should a trial court infringe the parent's fundamental constitutional rights by awarding custody of the parent's child to a third person.

In *Hunter*, 484 Mich at 263, our Supreme Court reaffirmed *Heltzel*'s central holding: "In order to protect a fit natural parent's fundamental constitutional rights, the parental presumption in MCL 722.25(1) must control over the presumption in favor of an established custodial environment in MCL 722.27(1)(c)." In other words, the parental "presumption requires that any opposing presumption, shielding the child from a custodial change absent a showing of proper cause or changed circumstances, must yield." *Frowner*, 296 Mich App at 384. The Supreme Court also adopted the manner in which *Heltzel* resolved the "interplay" of the two presumptions, requiring a third party to prove that " 'all relevant factors, including the existence of an established custodial environment and all legislatively mandated best interest concerns within [MCL 722.23], taken together clearly and convincingly demonstrate that the child's best interests require placement with the third person.' " *Hunter*, 484 Mich at 278, quoting *Heltzel*, 248 Mich App at 27 (alteration in original).

Neither the Supreme Court nor this Court have ruled that the language in *Heltzel* requires the third party to prevail clearly and convincingly on each and every one of the 12 best-interest factors in order to be awarded custody. See *Hunter*, 484 Mich at 279; *Varran v Granneman*, 312 Mich App 591, 613; 880 NW2d 242 (2015) ("The Supreme Court in *Hunter* merely concluded that MCL 722.25(1) provides sufficient deference to a fit parent's fundamental rights to the care, custody, and management of their child because it requires, in order to rebut the parental presumption, clear and convincing evidence that custody by the parent is not in the child's best interests."); *Howard*, 310 Mich App at 493 (holding that the trial court did not err by finding that the third party presented clear and convincing evidence to maintain custody when the third party prevailed on 10 best-interest factors); *Schaiberger v Peiffer*, unpublished per curiam opinion of the Court of Appeals, issued October 22, 2019 (Docket Nos. 347494, 347496, and 347512) (holding that the trial court did not abuse its discretion by awarding custody to the third parties

when the third parties prevailed on six best-interest factors).[9]  The phrase "taken together" implies that the best-interest factors, as informative pieces of the entire best-interest determination as a whole, are to be considered.

Moreover, when determining whether there is clear and convincing evidence that a change in the established custodial environment of a child is in the best interest of the child, this Court has stated:

> "We disapprove the rigid application of a mathematical formulation that equality or near equality on the statutory factors prevents a party from satisfying a clear and convincing evidence standard of proof.  We are duty-bound to examine all the criteria in the ultimate light of the child's best interests."  [*McCain v McCain*, 229 Mich App 123, 130, 580 NW2d 485 (1998), quoting *Heid v AAASulewski (After Remand)*, 209 Mich App 587, 596; 532 NW2d 205 (1995).]

A trial court "need not give equal weight to all the factors, but may consider the relative weight of the factors as appropriate to the circumstances." *Sinicropi v Mazurek*, 273 Mich App 149, 184; 729 NW2d 256 (2006).  There is nothing within the language of *Hunter* or *Heltzel* that would suggest that a similar approach should not be taken when evaluating whether there was clear and convincing evidence that custody with the natural parent is not in the child's best interest.  The trial court committed clear legal error by holding that defendant had to prevail on each and every MCL 722.23 best-interest factor in order to demonstrate that she had met the clear-and-convincing-evidence burden.

## B.  MCL 722.23(i)

Factor (i) of the statutory best-interest factors outlined in MCL 722.23 addresses "[t]he reasonable preference of the child, if the court considers the child to be of sufficient age to express preference."  MCL 722.23(i).  The trial court did not consider this factor, stating that "there was no request to change primary physical custody from [grandmother] to [father], and the established custodial environment would not change[.]"  This omission constitutes clear legal error.[10]

---

[9] "Although unpublished opinions of this Court are not binding precedent, they may, however, be considered instructive or persuasive." *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010) (citations omitted).  See MCR 7.215(C)(1).

[10] Although reversal is warranted because of the trial court's clear legal error, the trial court's finding that granting joint legal custody and unsupervised, overnight parenting time to plaintiff would not modify the children's established custodial environment was against the great weight of the evidence.  There is a change to the established custodial environment if parenting-time adjustments change "whom the child naturally looks to for guidance, discipline, the necessities of life, and parental comfort . . . ." *Pierron II*, 486 Mich at 86.  Although "minor modifications that leave a party's parenting time essentially intact do not change a child's established custodial environment, significant changes do." *Lieberman v Orr*, 319 Mich App 68, 89-90; 900 NW2d 130 (2017).  It was undisputed that the children had an established custodial environment with

-8-

Under MCL 722.23(i), the trial court is required to consider "[t]he reasonable preference of the child, if the court considers the child to be of sufficient age to express [a] preference." See *Quint v Quint*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368002); slip op at 7. "[T]he only condition placed on this requirement is whether the court considers the child to be of sufficient age to express a reasonable preference and this Court has held that children as young as six-years of age are presumed to be able to do so, absent some extenuating circumstance." *Id.* at ___; slip op at 7. (cleaned up). "[A] trial court must evaluate [a child's] preference along with all of the other relevant evidence when making its best-interest determination." *Id.* at ___; slip op at 8.

In this case, the children were eight years old and six years old, respectively, at the conclusion of the evidentiary hearing, and nothing in the record suggested that the children could not voice their individual reasonable preferences. The trial court's failure to evaluate the children's preferences constituted clear legal error.

## C. JOINT CUSTODY

In determining whether joint custody is appropriate, a trial court must consider the best-interest factors stated in MCL 722.23, and whether the parties "will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child[ren]." MCL 722.26a(1)(a) and (b). As this Court explained in *Bofysil v Bofysil*, 332 Mich App 232, 249; 956 NW2d 544 (2020):

> In order for joint custody to work, [the parties] must be able to agree with each other on basic issues in child rearing—including health care, religion, education, day to day decision-making and discipline—and they must be willing to cooperate with each other in joint decision-making. If [the parties] . . . are unable to cooperate and to agree generally concerning important decisions affecting the welfare of [the] children, the court has no alternative but to determine which [party] shall have sole custody of the children. [Citations omitted.]

In evaluating the best-interest factors, the trial court stated that the record "clearly demonstrated that there [was] a lot of animosity between the parties." The trial court also noted

---

defendant for several years. As the trial court recognized, defendant "provided all of the care, love, and necessities of life for the children[,]" "offered comfort, guidance, and permanence[,]" "took them to all of their appointments[,] and followed up with whatever was needed." The trial court ordered that the children spend five consecutive weeks over their summer break, every other weekend during the school year, and every other major holiday (except for Mother's Day and Father's Day) with plaintiff. Prior to the court's order, plaintiff's parenting time was supervised, Further, the children had not spent any overnights with plaintiff since approximately July 2019. And plaintiff was not the decisionmaker for the children. With the change in custody and parenting time, the children would have to look to plaintiff for guidance, discipline, the necessities of life, and parental comfort during plaintiff's unsupervised, overnight parenting time two weekends a month, five consecutive weeks in the summer, and various holidays. This is a significant change from the previous established custodial environment where they looked to defendant for all of their day-to-day needs and as the decisionmaker.

that, despite the three-year break since the last order, "the bitterness [between the parties] has not lessened." The trial court further found, "There is no trust or goodwill which is extended to the other party and the Court does not see that this situation will ever change." However, the trial court failed to comply with MCL 722.26a(1)(b), which requires it to consider whether the parties "will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child[ren]." This omission constitutes clear legal error.

## V. CONCLUSION

The trial court committed clear legal error by holding that defendant had to prevail on every best-interest factor, by failing to properly consider factor (i), and by failing to make the required findings under MCL 722.26a(1)(b). Accordingly, we vacate the trial court's order and remand for further proceedings consistent with this opinion. On remand, the trial court must analyze the considerations outlined in MCL 722.26a(1) and all the best-interest factors delineated under MCL 722.23 by considering up-to-date information, and must rearticulate and explain its reasons for granting or denying plaintiff's request for joint physical and joint legal custody.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant may tax costs as the prevailing party. MCR 7.219(A).

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

-10-